■ In the Matter of RICHARD N. JONES, Respondent, v JEAN MAROLLA, Appellant. (Proceeding No. 1.) In the Matter of JEAN MAROLLA, Appellant, v RICHARD N. JONES, Respondent. (Proceeding No. 2.) — Appeals (1) from an order of the Family Court of Delaware County (Estes, J.), entered June 17, 1983, which, in proceeding No. 1, directed Jean Marolla to pay $120 per week for the support of her two children, and (2) from an order of said court, entered October 21, 1983, which, in proceeding No. 2, dismissed Jean Marolla's petition for a modification of the June 17, 1983 order.

The parties were married on June 10, 1967 and had two children prior to their separation in December, 1978. Following a hearing, custody of the children was awarded to the father by order of Family Court entered August 29, 1979. The father's subsequent motion in the pending divorce action in Supreme Court seeking, *inter alia,* child support, was denied on the basis of the father's testimony at the custody hearing that he was able to support the children. In the amended judgment of divorce,

dated August 27, 1980, Supreme Court declared that the mother was responsible for the support of her children, but that her expenditures for the children during visitation on every other weekend and during one month in the summer constituted adequate support. In so doing, Supreme Court noted that although the mother was then employed, her employment was due to end. Shortly thereafter, the mother became re-employed and she remarried. The father also remarried.

In February, 1983, the father commenced proceeding No. 1 herein in Family Court seeking an order of support. The mother responded by seeking custody of the children. Following a hearing, Family Court denied the mother's application for custody and directed that she pay weekly child support of $60 for each child. The mother appeals only from the support portion of the order.

One week after the support order was entered, the mother lost her employment, allegedly as the result of her request for more hours in order to pay the support. She thereafter commenced proceeding No. 2 seeking a modification of the support order on the basis of her lack of employment. Family Court denied her application and the mother appeals from the order dismissing her petition.

As to proceeding No. 1, Family Court's findings were adequate and supported by the evidence, and we see no abuse of discretion in its award of support, arrearages and counsel fees. The mother claims that Family Court erroneously relied upon her second husband's income in awarding support, but a review of Family Court's decision does not substantiate this claim. While reference is made to the household incomes of each party early in the decision, the court specifically concluded thereafter that the mother was possessed of sufficient means to contribute $120 per week toward the support of her children. The mother also claims that Family Court's finding that the children's needs exceeded $150 per week was not supported by the record. The father, however, testified that the children's needs had increased considerably in the past few years, and his second wife testified as to the family's expenses. The mother herself estimated that her costs for food and basic recreation increased by $150 per week during the children's one-month summer visitations. Next, we reject the mother's lack of evidentiary support for Family Court's finding concerning the means available to the parties. The proof as to the mother's substantial salary and her life-style adequately established her ability to contribute. Concerning the father's means, the proof established that his family was no longer able to make ends meet. The mother's claim that the

children did not need any support from her beyond what she was contributing during visitation is belied by her statement, in her application for change of custody and in her testimony, that the children were poorly clothed and existed on a near "welfare budget". Family Court properly made the support award retroactive to the date of the filing of the petition, as required by statute (Family Ct Act, § 449), and we see no abuse of discretion in its apportionment of the father's counsel fees (Family Ct Act, § 438).

Turning to proceeding No. 2, there is no basis for disturbing Family Court's dismissal of the mother's petition seeking a modification of the support award on the basis of her lack of employment (see *Matter of Halstead v Halstead*, 97 AD2d 588). As noted above, the mother lost her employment only four days after she received notice of the support order. She was fired after requesting extra work, despite having received favorable evaluations from her employer. More importantly, the record supports Family Court's finding that after she lost her job, the mother did not make a good-faith effort to obtain employment commensurate with her qualifications and experience.

The orders should be affirmed.

Orders affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.