■ DONNA V. TSOUCALAS, Respondent, v NICHOLAS W. TSOU-CALAS, Appellant.

The parties were married on April 14, 1973, and have one son, William, born July 16, 1978, who suffers from a seizure disorder. The defendant is employed as a cook-manager in his family's business, a diner and catering operation. He has worked in the diner seven days a week, including 24-hour weekend shifts, earning $275 gross per week since the beginning of the marriage. The plaintiff worked in the diner in various capacities on an average of 9 to 10 hours a day 6 days per week for 11 years. She was paid no salary but was given money by the defendant when she requested it for groceries and other necessities. She is currently employed as a bank teller with a take-home pay of about $160 per week.

The trial court found the defendant's "lack of candor was almost Olympian in scope". Discrepancies existed between his income as stated on corporate income tax returns and individual income tax returns for several years. According to the defendant's statements concerning the number of hours spent working at the diner and his gross salary, it was calculated that the defendant earned about $3 per hour.

It is well settled that a proper award of child support is not necessarily based upon a parent's actual income but may be based upon his earning potential (see, Kay v Kay, 37 NY2d 632, 637; Matter of Moore v Moore, 115 AD2d 894, 896). The defendant, regardless of the actual amount of his take-home pay, has a far greater potential earning power as a restaurant cook-manager. The defendant, highly skilled and very experi-

enced, certainly has the capacity to earn more than he presently alleges. The plaintiff does not receive maintenance and her take-home pay is barely adequate to provide for her own needs. Further, the plaintiff's worth in the job market was not enhanced by her 11-year unpaid tenure in the defendant's family's restaurant (see, Matter of Moore v Moore, supra, at 896). Under the circumstances of this case, the court's award of $110 per week for child support to be paid by the defendant was not unreasonable.

We find that the award to the plaintiff of one half of the proceeds from the sale of the jointly owned marital residence was fair in light of the plaintiff's contributions of time and effort as an unpaid worker in the defendant's business (see, Domestic Relations Law § 236 [B] [5] [d] [6]).

The award of sole custody of the child to the plaintiff, with visitation rights to the defendant, was proper. In determining child custody, courts must consider the quality of home environment, the quality of parental guidance provided and the ability of the custodial parent to provide for the child's intellectual and emotional development. The custodial parent must also be available to the child to provide for his needs and tend to his emotional development (see, Eschbach v Eschbach, 56 NY2d 167; Jacobs v Jacobs, 117 AD2d 709, 711).

The defendant seeks joint custody in order to participate in decisions affecting his son's life. A review of the record reveals that the defendant's sole contact with his son came within the context of his business. Occasionally, the child would accompany the defendant on business visits although the plaintiff would request that they engage in family activities. Since the commencement of the instant action, the child has visited the defendant in the restaurant where he played in the kitchen or in the dining room as his father worked. Given the defendant's demonstrated single-minded devotion to business, to the exclusion of all other aspects of family life, it cannot be said that the defendant would be a suitable custodial parent, even jointly with the plaintiff (see, Jacobs v Jacobs, supra). Thompson, J. P., Kunzeman, Rubin and Harwood, JJ., concur.