(July 17, 1989)

■ EILEEN C., Appellant, v JOHN C., Respondent.—In a custody proceeding pursuant to Family Court Act § 651, the petitioner appeals, by permission, (1) from an order of the Family Court, Suffolk County (Freundlich, J.), dated March 7, 1989, which directed that she undergo drug testing, (2) from an order of the same court, also dated March 7, 1989, which denied her application to have the court recuse itself, and (3) from an order of the same court, also dated March 7, 1989, which granted temporary custody of the minor to the respondent father.

Ordered, that the orders are reversed, without costs or disbursements, the petitioner's application to recuse the court

is granted, and the matter is remitted to the Family Court, Suffolk County, for a new hearing before a different Judge.

The petitioner Eileen C. and the respondent John C. each seek custody of their son Matthew. In July 1988 the instant proceeding was commenced by the issuance of an order to show cause based upon an affidavit by the petitioner in which she claimed that the respondent had removed the child from her home. On October 18, 1988, the Family Court, Suffolk County (Doyle, J.), awarded custody to the petitioner, "pending the result of the hearing in this matter" and granted the respondent supervised visitation.

In October 1988 two neglect petitions were filed pursuant to Family Court Act article 10, one against the petitioner, and the other against the man with whom the petitioner resides. The neglect proceeding against the petitioner was adjourned in contemplation of dismissal but it remains pending at this time.

A hearing in connection with the custody proceeding began on February 9, 1989, in the Family Court, Suffolk County, before Judge Freundlich. The Family Court heard testimony both from the petitioner and from the respondent, as well as from the respondent's employer. At the conclusion of the testimony, the court issued several orders from the Bench, including an order that the petitioner undergo "immediate drug testing which will be done before she leaves the courthouse".

In issuing the directive, Judge Freundlich appears to have been motivated by his personal familiarity with the alleged criminal activities of the petitioner's male companion. Judge Freundlich candidly acknowledged that during the course of his former employment with the office of the Suffolk County District Attorney, he had become aware of the petitioner's companion's criminal activities and had learned that he "was a convicted narcotics dealer".

In compliance with this order, the petitioner evidently did furnish a urine sample before leaving the courthouse on February 9, 1989, although the circumstances under which this sample was produced are not clear. When the hearing continued on March 7, 1989, the court reported that this urine sample had proven to be inadequate for drug testing purposes. The court, in three written orders dated March 7, 1989, (1) again directed that the petitioner undergo drug testing, (2) denied the petitioner's recusal motion, and (3) temporarily transferred custody of the child to the respondent. In an order

dated March 28, 1989, this court granted leave to appeal from these orders.

The Family Court erred, or in the very least exercised its discretion in an improvident manner, by directing, on its own motion, that the petitioner undergo drug testing procedure based on nothing more than the court's personal familiarity with the petitioner's boyfriend's alleged history of narcotics-related crimes. The practice of forcing submission to such drug-testing procedures as a condition of public employment is clearly subject to scrutiny under the Federal and State Constitutions (US Const 4th Amend; NY Const, art I, § 12; *Skinner v Railway Labor Executives' Assn.*, 489 US —, 103 L Ed 2d 639; *National Treasury Employees Union v Von Raab*, 489 US —, 103 L Ed 2d 685; *Matter of Caruso v Ward*, 72 NY2d 432; *Matter of Patchogue-Medford Congress of Teachers v Board of Educ.*, 70 NY2d 57), and it may well be argued that the practice of forcing a mother to submit to such a procedure as an implicit condition to her continuing as the legal custodian of her child should, a fortiori, be subject to constitutional scrutiny as well. Even apart from such possible constitutional considerations, however, we believe that the court erred in ordering the drug test *sua sponte,* since there was no evidence properly before the court from which it could reasonably have been inferred that the petitioner is in fact guilty of drug abuse *(cf., Burgel v Burgel,* 141 AD2d 215). We need not address whether, in custody proceedings, such testing may ever be warranted based upon the production of evidence from which an inference of drug use may reasonably be made.

The petitioner's motion to have the court recuse itself was based upon the court's acknowledged personal familiarity with the alleged history of criminal activity of the petitioner's male companion. In denying this motion, the court underestimated the relevance which the petitioner's companion's character has to the issues in this proceeding. At one point, the court referred to him as "a very minor character in [this] custody proceeding". However, it appears that he resides with the petitioner and, as previously noted, has been made a party to a neglect proceeding. The petitioner's companion is a party with whose character the Family Court should be most concerned in deciding the issue of custody, and it is for this reason that we believe that Judge Freundlich's personal knowledge of his background required the Judge's recusal. Since the factual determinations which will ultimately have to be made by the Family Court in resolving the custody issue in this case will be very difficult, and since we have an obligation

not only to guarantee the reality, but also to foster the public perception that such difficult factual determinations are based strictly on the contents of the record, we conclude that Judge Freundlich's "personal knowledge of disputed evidentiary facts" (Code of Judicial Conduct Canon 3 [C] [1] [a]) warrants his disqualification in this case (cf., *Valenza v Valenza,* 143 AD2d 860; *People v Smith,* 120 AD2d 753).

Finally, we believe that the court improvidently exercised its discretion in ordering a temporary change in custody. There should be a return to the status quo previously established by the Family Court respecting custody pending the final determination of this proceeding. We emphasize, however, that our determination in this regard is not to be considered as an expression of any opinion as to how the Family Court should ultimately resolve this custody dispute. Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.