■ ANN MARCELLO, Appellant, v WILLIAM R. MARCELLO, Respondent.—In an action for divorce and ancillary relief, the plaintiff wife appeals as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Donovan, J.), dated October 17, 1988, which, *inter alia,* awarded her child support in the amount of only $50 per week for each of the parties' two children and a distributive award in the amount of only $100,000.

Ordered that the judgment is modified on the law and facts and as a matter of discretion, by (1) deleting from the second

decretal paragraph the words "child support $50.00 per week per child", and substituting therefor "child support $90.00 per week per child", and (2) deleting from the third decretal paragraph thereof, wherever it appears, the sum "$100,000.00" and substituting therefor the sum "$150,000.00"; as so modified the judgment is affirmed insofar as appealed from, without costs or disbursements, and the defendant's time to pay the remaining $50,000 of the distributive award is extended until three months after service upon him of a copy of this decision and order with notice of entry.

Despite the somewhat cursory nature of the approach which the trial court took in setting forth the factors and reasons for its decision with respect to the awards of child support, maintenance, and equitable distribution as required by Domestic Relations Law § 236 (B) (5) and (7), we find that it met the minimal requirements of the statute in providing an adequate basis for intelligent appellate review of its decision (see, O'Brien v O'Brien, 66 NY2d 576, 589; Cappiello v Cappiello, 66 NY2d 107, 110; Reina v Reina, 153 AD2d 775).

Upon such review, we modify the disposition made by the trial court because the court failed to give adequate weight to several key considerations relevant to the facts of the case before it. In particular, we find that the court did not pay sufficient attention to the husband's earning potential as a union carpenter of long standing. Not only did the husband testify that work looked "pretty good" for him, but there was evidence that his unemployment appeared to be a reaction to the garnishment of his salary pursuant to a prior pendente lite award. "It is well settled that a proper award of child support is not necessarily based upon a parent's actual income but may be based upon his earning potential" (Tsoucalas v Tsoucalas, 140 AD2d 333). Taking into account the husband's financial resources in terms of his earning potential, the inability of the wife because of the ages of the parties' children to maintain full-time employment, and the ages and needs of the children, we find that an award of child support in the amount of $90 per week per child is reasonable.

With respect to the equitable distribution of the marital assets, considering (1) the substantial noneconomic contribution of the wife as a full-time parent to the husband's children from a prior marriage as well as to their own children, (2) her contribution as a spouse and homemaker during the parties' 12-year marriage, (3) the limitations on her ability to become self-supporting in the short term through full-time employment, (4) her needs as a custodial parent, and (5) the fact that

no maintenance was awarded, we find that a distributive award of $150,000, the equivalent of about one half of the net value of the matrimonial residence which was built during the parties' marriage, is appropriate.

In light of the foregoing, we affirm the denial of the wife's application for counsel fees *(see, Amodio v Amodio,* 122 AD2d 757, *affd* 70 NY2d 5; *Hackett v Hackett,* 147 AD2d 611, 613). Brown, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.