■ In the Matter of MARY E. DAVIS, Respondent, v WALTER T. DAVIS, JR., Appellant. [602 NYS2d 672] —In a support proceeding pursuant to Family Court Act article 4, the father appeals

from (1) an order of the Family Court, Suffolk County (McNulty, J.), entered October 15, 1990, which, after a hearing, denied his application for a downward modification of child support, and (2) an order of the same court (Auperin, J.), entered February 21, 1992, which, after a hearing, denied his renewed application for a downward modification of child support.

Ordered that the orders are affirmed, without costs or disbursements.

The Family Court did not improvidently exercise its discretion in concluding that the appellant's earning potential was far greater than the amount he was reportedly earning as a seasonal landscaper (see, Marcello v Marcello, 166 AD2d 558; Alfano v Alfano, 151 AD2d 530; Tsoucalas v Tsoucalas, 140 AD2d 333; cf., Matter of Dupree v Dupree, 62 NY2d 1009; see also, Family Ct Act § 437). The appellant, a college graduate, had previously worked as a manager for the Grand Union Company and had also operated his own bread route. Yet, when he sold the bread route in January 1990 for $35,000, he chose to go to work in his brother-in-law's landscaping business. The appellant testified that he did not want to work in the food service industry, that he had chosen landscaping so he could be "outside", and that he had not looked for work other than landscaping because he was "happy with the job". Thus, there is no evidence in the record that the appellant made a good faith effort to obtain employment commensurate with his qualifications and experience (see, Matter of Jones v Marolla, 105 AD2d 944, 946). The evidence presented likewise supports the Hearing Examiner's finding that the appellant, who was employed in his brother-in-law's landscaping business, might have been earning significantly more than the $275 per week he claimed to be earning.

We further find that to the extent the Hearing Examiner may have demonstrated a certain antagonism toward the appellant, this was a justified reaction to the appellant's cavalier attitude at the hearing on May 30, 1990. However, we find that, in any event, the Hearing Examiner's determination was clearly unaffected by this circumstance (cf., Eileen C. v John C., 152 AD2d 645).

There has been no showing that the resources available to support the appellant's children of his subsequent marriage are less than those available to support the child who is the subject of the instant action. His reliance upon Family Court

Act § 413 (1) (f) (8) is, therefore, unfounded. Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.