■ LAUREL A. MCBRIDE, Respondent, v KENNETH J. MC-BRIDE, Appellant. [635 NYS2d 298] —In an action for divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Brucia, J.), entered July 7, 1994, as directed him to pay child support in excess of $1,250 per month, his share of the basic child support obligation.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the provision thereof increasing the defendant's child support payment from $1,250 per month to $2,000 per month six months after the entry of the judgment is deleted.

The trial court determined that the defendant's child support obligation should be increased from $1,250 per month, which is the defendant's share of the basic child support obligation (*see*, Domestic Relations Law § 240 [1-b] [c]), to $2,000 per month six months after the entry of the judgment. The court based its determination on its belief that the defendant would be able to find more highly compensated employment than that which he held at the time of trial. This belief was apparently based on the defendant's compensation during the early and mid-1980's, several years before this action was commenced, when he held various well-paid positions. Since 1988, however, the defendant has worked for several speculative and ultimately unsuccessful businesses. However, in light of, *inter alia*, the lack of evidence that the defendant is able to increase his current compensation level to the former level (*see*, *Kay v Kay*, 37 NY2d 632; *Matter of Davis v Davis*, 197 AD2d 622; *Tsoucalas v Tsoucalas*, 140 AD2d 333) and the court's finding that the defendant did not intentionally diminish his resources or income to avoid his legal obligations (*see*, Domestic Relations Law § 240 [1-b] [b] [5] [v]; *Hickland v Hickland*, 39 NY2d 1, *cert denied* 429 US 941; *Matter of Westwater v Donnelly*, 204 AD2d 467), the court improperly increased the defendant's share of the child support obligation beyond his share of the basic obligation. Ritter, J. P., Altman, Friedmann and Florio, JJ., concur.