■ In the Matter of Susan Wiltsie, Respondent, v Donald Wiltsie, Appellant. (And Another Related Proceeding.) [666 NYS2d 823] —Mercure, J. Appeals (1) from an order of the Family Court of Ulster County (Work, J.), entered March 6, 1996,

which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of respondent's child support obligations, and (2) from an order of said court, entered October 17, 1996, which, *inter alia*, dismissed respondent's application, in a proceeding pursuant to Family Court Act article 4, for a downward modification of his child support obligations.

We agree with respondent's initial contention, that Family Court erred in classifying $20,211.55 in lump-sum pension and profit-sharing plan distributions to him as extraordinary nonrecurring payments under Family Court Act § 413 (1) (e) rather than as "income" under Family Court Act § 413 (1) (c), as the Hearing Examiner had done. In reaching its conclusion, Family Court reasoned that, in order to qualify as income under Family Court Act § 413 (1) (b) (5) (iii) (F), pension and retirement benefits must be of the type that "generally are paid weekly or monthly" and also that treating the distributions as nonrecurring payments under Family Court Act § 413 (1) (e) affords greater flexibility in allocating a portion of the distributions for child support. We read no such limitation into Family Court Act § 413 (1) (b) (5) (iii) (F). In any event, because the net distributions were reportable (and, in fact, reported) as ordinary income on respondent's Federal income tax return for tax year 1995, they were required to be treated as income (*see*, Family Ct Act § 413 [1] [b] [5] [i] ["gross (total) income as * * * should be reported in the most recent federal income tax return"]). Fundamentally, payments that may "otherwise [be] considered as income pursuant to [Family Ct Act § 413]" (Family Ct Act § 413 [1] [e]) cannot fall within the ambit of Family Court Act § 413 (1) (e) (*see*, *Matter of Bryant v Bryant*, 235 AD2d 116, 119-120), regardless of the "flexibility" that would otherwise be gained.

We are not persuaded, however, by respondent's other assertion of error. We conclude that the hearing evidence provided an adequate basis for Family Court's finding that there was employment available to respondent that would permit him to work within the limitations of his established psychological disorders and that, as a result, respondent failed to establish changed circumstances sufficient to justify a downward modification of his child support obligation (*see*, *Matter of Davis v Davis*, 197 AD2d 622, 623; *Matter of Jones v Marolla*, 105 AD2d 944, 946).

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the order entered March 6, 1996 is reversed, on the law, without costs, and matter remitted to the Family

Court of Ulster County for further proceedings not inconsistent with this Court's decision. Ordered that the order entered October 17, 1996 is affirmed, without costs.