■ In the Matter of PATSY SCOMELLO, Respondent, v ADELINE SCOMELLO, Appellant. [688 NYS2d 199] —In a child support

proceeding pursuant to Family Court Act article 4, the mother appeals from so much of an order of the Family Court, Suffolk County (Willen, J.H.O.), entered November 12, 1997, as, *inter alia*, upon granting the father's petition for a downward modification of child support, reduced his child support obligation from $480 per week for three children to $466 per week for two children, and directed that she pay the father $75 per week child support for the child residing with the father.

Ordered that the order is modified, on the law and as an exercise of discretion, by deleting therefrom the provisions directing the father to pay the mother $466 a week in child support and directing the mother to pay the father the sum of $75 a week in child support, and substituting therefor a provision directing the father pay to the mother $394 a week in child support; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In this post-judgment child support proceeding brought by the father for downward modification of his child support obligation in view of the fact that he has become the custodial parent of one of the couple's three children, the Family Court erred in considering the mother's prospective inheritance of $100,000 to be part of her income (*see, e.g., Matter of Bryant v Bryant,* 235 AD2d 116; Family Ct Act § 413 [1] [e]). However, since the mother's negligible declared income did not comport with her Master's Degree, teacher's license, probable cash earnings as a bar maid, and comfortable lifestyle (including the cash purchase of a new car), the court did not err in imputing to her an actual or potential annual income, independent of the inheritance, of $25,000 (*see, e.g., Murphy-Artale v Artale,* 219 AD2d 587; *Fleischman v Fleischman,* 195 AD2d 604; *Powers v Powers,* 171 AD2d 737; *Marcello v Marcello,* 166 AD2d 558; *Tsoucalas v Tsoucalas,* 140 AD2d 333).

The record supports the court's conclusion that the father's annual salary, supplemented by a $10,000 business expense account and then reduced by a FICA percentage of 7.65%, is $96,968 (*see, e.g., Creem v Creem,* 121 AD2d 676; *cf., Skinner v Skinner,* 241 AD2d 544).

It was within the discretion of the Family Court to conclude that an application of the Child Support Standards Act formula in this split custody case (*see, e.g., Riesley v Riesley,* 208 AD2d 132) to only the first $80,000 of combined income would not yield a sufficient level of child support. Accordingly, the father's 80% share of 25% (for two children) of the parties' combined income of $121,968 is $469 per week payable to the mother. The mother's 20% of 17% (for one child) of the parties' combined

income yields $79 in child support owed by her each week to the father, who now has custody of the parties' daughter. Because the father did not appeal from the Family Court's calculation that the mother's weekly support obligation was $75, and the mother is not aggrieved by the reduced obligation, that amount will not be disturbed. Subtracting $75 from $469, we conclude that the father should pay the mother $394 per week in child support (*see, Riesley v Riesley, supra*).

The mother's remaining contentions are without merit. Bracken, J. P., Sullivan, Altman and Friedmann, JJ., concur.