■ In the Matter of DIANE YEPES, Respondent, v ANTHONY FICHERA, Appellant. [646 NYS2d 533] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Suffolk County (Trainor, J.), dated September 7, 1994, which denied his objections to an order of the same court (Buse, H.E.), dated July 8, 1994, denying, after a hearing, *inter alia,* his application for a downward modification of child support required to be paid pursuant to a stipulation incorporated but not merged into a divorce judgment, and (2) an order of the Family Court, Suffolk County (Pach, J.), dated March 7, 1995, which denied his objections to an order of the same court (Buse, H.E.), dated November 3, 1994, in effect denying, after a hearing, his renewed application for a downward modification of child support.

Ordered that the orders are affirmed, with one bill of costs.

As the party seeking a downward modification of child support, the father had the burden of establishing an unanticipated and unreasonable change in circumstances (*see, Matter of Brescia v Fitts,* 56 NY2d 132). Although a parent's loss of employment may constitute a change of circumstances warranting a downward modification where he or she has diligently sought reemployment (*see, Matter of Meyer v Meyer,* 205 AD2d 784), the proper amount of support payable is determined not by a parent's current economic situation, but by a parent's assets and earning powers (*see, Matter of Fries v Price-Yablin,* 209 AD2d 1002; *Matter of Fleischmann v Fleischmann,* 195 AD2d 604). Thus, downward modification may be denied where the moving party has not made a good faith effort to obtain employment commensurate with his or her qualifications and experience (*see, Matter of Davis v Davis,* 197 AD2d 622; *Matter of Jones v Marolla,* 105 AD2d 944). At bar, although it is undisputed that the father lost his job as an electronics engineer when his employer relocated to California, the record supports the Family Court's determination that he subsequently failed to use his best efforts to obtain a new position which would utilize his education and skills. Accordingly, we decline to disturb the Family Court's denial of the father's petitions for downward modification. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.