■ In the Matter of DEBORAH KNAPP, Respondent, v BRIAN LEVY, Appellant. [667 NYS2d 563] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Family Court did not err in failing to include rental income in computing respondent's 1995 gross income for the purposes of the Child Support Standards Act (CSSA) because respondent sustained a net loss on the rental property (see, Family Ct Act § 413 [1] [b] [5] [ii]). The court also properly deducted unreimbursed employee expenses of $9,695 from respondent's gross income, the amount reported on respondent's 1995 Federal income tax return (see, Family Ct Act § 413 [1] [b] [5] [vii] [A]). In addition, the court properly exercised its discretion in excluding from respondent's gross income a one-time payment given to respondent by his employer for a vehicle that he won in a contest (see, Family Ct Act § 413 [1] [b] [5] [iv] [B]). The court, however, deducted the incorrect amount for FICA taxes paid; the correct amount is $3,794, as reflected on respondent's W-2 form (see, Family Ct Act § 413 [1] [b] [5] [vii] [H]). Thus, respondent's income for the purposes of the CSSA is $68,129, and respondent's child support obligation is 17% of that amount (see, Family Ct Act § 413 [1] [c] [2]).

Respondent contends that the court erred in calculating his pro rata share of the basic child support obligation, eliminating the variance from that obligation granted by the Hearing Examiner. We disagree. Pursuant to Family Court Act § 413 (1) (f), the court must order the noncustodial parent to pay his or her pro rata share of the basic child support obligation unless it finds that the pro rata share is unjust or inappropriate, based upon consideration of factors such as extraordinary expenses incurred by the noncustodial parent in exercising visitation or "expenses incurred by the non-custodial parent in extended visitation provided that the custodial parent's expenses are substantially reduced as a result thereof" (Family Ct Act § 413 [1] [f] [9] [ii]). Upon finding that respondent took care of the child one third of the time, the Hearing Examiner reduced respondent's child support obligation by one-third. That was error, and Family Court properly so found. This type of routine, custody-sharing situation does not constitute "extended visitation". In any event, respondent failed to estab-

lish that he incurs any expenditures due to such "extended visitation" with the child or that petitioner's expenses are substantially decreased thereby. Thus, the court properly eliminated the variance awarded by the Hearing Examiner.

Therefore, we modify the order of Family Court by directing that respondent's child support obligation is $223 per week. (Appeal from Order of Monroe County Family Court, Sciolino, J.—Support.) Present—Denman, P. J., Hayes, Callahan and Fallon, JJ.