In the Matter of KRISTY HELEN T., Respondent, v RICHARD F.G., JR., Appellant. [808 NYS2d 409]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Klein, J.), dated July 7, 2004, which denied his objections to an order of the same court (James, S.M.), dated April 29, 2004, which, after a hearing, inter alia, directed him to pay child support in the sum of $289 per week. By decision and order of this Court dated April 25, 2005 [17 AD3d 684], the appeal was held in abeyance and the matter was remitted to the

Family Court, Westchester County, to set forth the factors considered and the reasons for its determination with respect to the father's adjusted gross income. The Family Court, Westchester County, has filed its report with this Court.

Ordered that the order is modified, on the law, the facts, and as a matter of discretion, by deleting the provision thereof directing the father to pay child support in the sum of $289 per week and substituting therefor a provision directing the father to pay child support in the sum of $230 per week; as so modified, the order is affirmed, without costs or disbursements.

This Court previously determined in this case that the Family Court failed to specify the sources of income imputed and the actual dollar amount assigned to each category (see *Matter of Kristy Helen T. v Richard F.G.*, 17 AD3d 684 [2005]). On that basis, we remitted the matter to the Family Court to set forth the factors considered and the reasons for its determination with respect to the father's adjusted gross income so that this Court would have a proper record for appellate review. Upon remittitur, the Family Court identified the evidence presented at the hearing with regard to the sources of income and losses attributable to the father. The Family Court attributed $95,509 in total income to the father. The Family Court found that the father had not established any expenses or losses. However, upon our review of the record, we find that certain expenses and/or losses should be offset against the total income attributable to the father for purposes of computing his child support obligations.

The father received income from four sources: Custom Sounds Plus, Jimmy Dee Music Production & Party Design, Inc., Fantasy Flash, and rental property. The father's gross income from Custom Sounds Plus was reported in his 2002 income tax returns as $59,079. In relation thereto, the father listed the sum of $26,692 as total business expenses, which included depreciation expenses in the sum of $6,350. Inasmuch as the depreciation expenses did "not affect disposable income or otherwise impact on [his] ability to pay child support" (*Haas v Haas*, 265 AD2d 887 [1999]; see *Dane v Dane*, 260 AD2d 817, 818 [1999]; *Matter of Barber v Cahill*, 240 AD2d 887, 889 [1997]; *Matter of Mireille J. v Ernst F.J.*, 220 AD2d 503, 504 [1995]), those depreciation expenses are not allowable for purposes of computing the father's child support obligation. Thus, the father's income from Custom Sounds Plus, for purposes of computing his child support obligations, is $38,737.

With regard to the father's income from Jimmy Dee Music Production & Party Design, Inc., a total of $21,750 of income

should be included in the calculation of the father's child support obligation. Likewise, the record establishes that the father earned $9,880 from his employment with Fantasy Flash. Finally, we attribute $0 of rental income to the father for purposes of his child support obligation because a net loss was sustained on the father's rental property (*see Matter of Knapp v Levy*, 245 AD2d 1027 [1997]).

Based upon the foregoing, in the exercise of our fact-finding power, we find that the father's total income for the purpose of calculating child support is $70,367. Utilizing this income and applying the applicable "Child support percentage" of 17% (*see* Domestic Relations Law § 240 [1-b] [b] [3] [i]), the father's weekly child support obligation is $230. Thus, the order is modified accordingly. Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.