■ In the Matter of JACK GALATI, Appellant, v LUCY GALATI, Respondent. [815 NYS2d 600]—

In a support proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Westchester County (Horowitz, J.), entered March 8, 2005, which denied his objections to an order of the same court (Jordan, S.M.), entered August 24, 2004, which, after a hearing, denied his petition for a downward modification of his maintenance obligation pursuant to a stipulation of settlement which was incorporated but not merged into a judgment of divorce.

Ordered that the order is affirmed, with costs.

The appellant's petition sought a downward modification of his maintenance obligation under a judgment of divorce subject

to the terms of a stipulation of settlement that was incorporated but not merged into the judgment. Under such circumstances, the appellant was required to demonstrate "extreme hardship" (*Matter of Cohen v Seletsky,* 142 AD2d 111, 112 [1988]; *see* Domestic Relations Law § 236 [B] [9] [b]; *Matter of Ross v Ross,* 297 AD2d 286 [2002]).

The Support Magistrate's findings are entitled to great deference (*see Matter of Barrett v Pickett,* 5 AD3d 591, 592 [2004]). Although the Support Magistrate committed numerical errors in her factual findings, she correctly found that the appellant's income had decreased from $138,761 in 2000 to $101,475 in 2003. The court properly determined that this did not constitute extreme hardship (*see e.g. Pintus v Pintus,* 104 AD2d 866, 868 [1984]). Miller, J.P., Crane, Luciano and Rivera, JJ., concur.