■ In the Matter of ANTHONY C. LUTHER, Appellant, v LAURA L. LUTHER, Respondent. [825 NYS2d 718]—

In a support proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Suffolk County (Simeone, J.), dated September 14, 2005, which denied his objections to an order of the same court (Livrieri, S.M.), dated June 6, 2005, which, after a hearing, inter alia, denied his application for a downward modification of his maintenance obligation.

Ordered that the order is affirmed, with costs.

The petitioner sought a downward modification of his maintenance obligation under a judgment of divorce subject to the terms of a stipulation of settlement that was incorporated but not merged into the judgment. Under such circumstances, the petitioner was required to demonstrate "extreme hardship" (Domestic Relations Law § 236 [B] [9] [b]; *see Matter of Galati v Galati*, 27 AD3d 737 [2006]; *Miller v Miller*, 18 AD3d 629 [2005]).

The Support Magistrate's findings are entitled to great deference (*see Matter of Galati v Galati, supra*). It was correctly determined that the petitioner earned between $40,000 and $45,000 in 1993, the year that he entered into the stipulation of settlement, and the petitioner's 2004 tax return showed that he earned approximately $45,000 in 2004. The evidence further demonstrated that the petitioner voluntarily changed employment the following year to a lower paying job. Under the circumstances, the court properly determined that this did not constitute extreme hardship to warrant a downward modification of his maintenance obligation (*see e.g. Matter of Galati v Galati, supra*).

The petitioner's remaining contentions are not properly before this Court. Adams, J.P., Ritter, Lunn and Covello, JJ., concur.