■ In the Matter of Joseph L. Muselevichus, Jr., Appellant, v Eva M. Muselevichus, Respondent. [836 NYS2d 661]—

In a proceeding pursuant to Family Court Act article 4 for a downward modification of the father's child support obligation, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Simeone, J.), dated March 6, 2006, as denied certain of his objections to an order of the same court (Grier, S.M.), dated December 28, 2005, which, after a hearing, dismissed his petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

The father filed a petition in the Family Court, seeking a downward modification of his child support obligation for the parties' two children, based on the emancipation of the older child, as well as the father's loss of full-time employment and the resulting decrease in his income. After a hearing, the Support Magistrate issued an order which, inter alia, dismissed the father's petition, and the father filed objections to that order. In an order dated March 6, 2006, the Family Court granted the father's objection which was based on the older child's emancipation, remitted the matter to the Support Magistrate with instructions to recalculate the father's support obligation accordingly, and denied the father's remaining objections on the merits. The father appeals from so much of the order as denied his remaining objections. Because we conclude that the Family Court properly denied the remaining objections, we affirm the order insofar as appealed from.

A downward modification of a parent's child support obligation may be granted where the parent demonstrates a substantial and unanticipated change in circumstances (*see Matter of Yepes v Fichera*, 230 AD2d 803 [1996]; *Matter of Fries v Price-Yablin*, 209 AD2d 1002 [1994]). A parent's loss of employment may constitute such a change in circumstances, justifying a downward modification, where the termination occurred through no fault of the parent and the parent has diligently sought re-employment (*see Beard v Beard*, 300 AD2d 268 [2002]; *Matter of Yepes v Fichera, supra*; *Matter of Meyer v Meyer*, 205 AD2d 784 [1994]). The proper amount of support to be paid, however, is determined not by the parent's current economic

situation, but by the parent's assets and earning capacity (*see Hickland v Hickland*, 39 NY2d 1, 5-6 [1976]; *Beard v Beard, supra; Matter of Yepes v Fichera, supra; Matter of Fries v Price-Yablin, supra*). Therefore, a parent seeking a downward modification based on a loss of employment must demonstrate that he or she has made "a good-faith effort to obtain employment commensurate with his or her qualifications and experience" (*Beard v Beard, supra*, at 269; *see Matter of Yepes v Fichera, supra*).

In this case, the record supports the Support Magistrate's finding that the father failed to use his best efforts to obtain suitable employment after losing his previous job, particularly inasmuch as he did not act with sufficient diligence in developing and maintaining the skills necessary to obtain appropriate employment in the field of computers, in which he had some 20 years experience (*see Beard v Beard, supra; Matter of Yepes v Fichera, supra; Matter of Davis v Davis*, 197 AD2d 622 [1993]; *cf. Matter of Glinski v Glinski*, 199 AD2d 994 [1993]). Thus, the Support Magistrate properly imputed income to the father based upon his prior representations and earnings history (*see Walker v Walker*, 289 AD2d 225 [2001]).

In addition, the Support Magistrate providently exercised his discretion in treating a bonus received by the mother from her employer during the previous year as a nonrecurring event and thus excluding the bonus from the mother's gross income for child support purposes (*cf. Matter of Knapp v Levy*, 245 AD2d 1027 [1997]).

The father's remaining contentions are without merit. Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.