■ In the Matter of KAREN FOWLER, Respondent, v OSWALD RIVERA, Appellant. [834 NYS2d 873]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court,

Suffolk County (Simeone, J.), dated January 18, 2006, which denied his objections to an order of the same court (Raimondi, S.M.), dated August 29, 2005, which, after a hearing, inter alia, denied his petition for a downward modification of his child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly denied the father's objections to the order of the Support Magistrate, inter alia, denying his petition for a downward modification of his child support obligation (*see Matter of Heyward v Goldman*, 23 AD3d 468, 469 [2005]; *Matter of D'Altilio v D'Altilio*, 14 AD3d 701 [2005]; *cf. Matter of Glinski v Glinski*, 199 AD2d 994 [1993]).

A parent seeking downward modification of a child support obligation has the burden of establishing a change in circumstance (*see Matter of Prisco v Buxbaum*, 275 AD2d 461 [2000]). In order to meet that burden, a party seeking a downward modification based on a loss of employment must submit evidence showing a good-faith effort to obtain employment commensurate with that party's earning capacity or, alternatively, must establish that his or her previously established earning capacity has been impaired (*see Matter of Yepes v Fichera*, 230 AD2d 803 [1996]; *Matter of Davis v Davis*, 197 AD2d 622, 623 [1993]). The conclusory allegations of the father, a self-employed owner of a heretofore lucrative closely-held corporation, were not sufficient to establish that he diligently searched for comparable means of earning an income (*see Barson v Barson*, 32 AD3d 872 [2006]). Accordingly, the Family Court properly denied his petition for downward modification. Crane, J.P., Ritter, Lifson and Balkin, JJ., concur.