■ In the Matter of RAPHAEL F. FRAGOLA, Appellant, v ALICE ALFARO, Respondent. [845 NYS2d 437]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Marks, J.), dated December 29, 2006, which denied his objections to an order of the same court (Dwyer, S.M.), dated September 29, 2006, which, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

"A downward modification of a parent's child support obligation may be granted where the parent demonstrates a substantial and unanticipated change in circumstances" (*Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 998 [2007]; *see Matter of Brescia v Fitts*, 56 NY2d 132, 138 [1982]; *Matter of Fowler v Rivera*, 40 AD3d 1093, 1094 [2007]; *Matter of Yepes v Fichera*, 230 AD2d 803, 804 [1996]). "A parent's loss of employment may constitute such a change in circumstances, justifying a downward modification, where the termination occurred through no fault of the parent and the parent has diligently sought re-employment" (*Matter of Muselevichus v Muselevichus*, 40 AD3d at 998; *see Matter of Fowler v Rivera*, 40 AD3d at 1094; *Matter of Davis v Davis*, 13 AD3d 623, 624 [2004]; *Matter of Yepes v Fichera*, 230 AD2d at 804; *Matter of Meyer v Meyer*, 205 AD2d 784 [1994]). "The proper amount of support to be paid, however, is determined not by the parent's current economic situation, but by the parent's assets and earning capacity" (*Matter of Muselevichus v Muselevichus*, 40 AD3d at 998-999; *see Hickland v Hickland*, 39 NY2d 1, 5-6 [1976], *cert denied* 429 US 941 [1976]; *Beard v Beard*, 300 AD2d 268, 269 [2002]; *Matter of Yepes v Fichera*, 230 AD2d at 804). "Therefore, a parent seeking a downward modification based on a loss of employment must demonstrate that he or she has made 'a good-faith effort to obtain employment commensurate with his or her qualifications and experience' " (*Matter of Muselevichus v Muselevichus*, 40 AD3d at 999, quoting *Beard v Beard*, 300 AD2d at 269; *see Matter of Yepes v Fichera*, 230 AD2d at 804). " 'Great deference should be given to the determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered' " (*Matter of Accettulli v Accettulli*, 38 AD3d 766, 767 [2007], quoting *Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]; *see Matter of Luther v Luther*, 35 AD3d 473 [2006]; *Matter of Galati v Galati*, 27 AD3d 737, 738 [2006]).

The Family Court's denial of the father's petition for a downward modification of his child support obligation is supported by the record. The court properly considered the father's assets, including his real estate holdings and his bank account, as well as his earning capacity, and determined that, under the circumstances, the father was not entitled to a downward modification (*see generally Hickland v Hickland*, 39 NY2d at 5-6, *cert denied* 429 US 941 [1976]; *Matter of Muselevichus v Muselevichus*, 40 AD3d at 998-999; *Beard v Beard*, 300 AD2d at 269; *Matter of Yepes v Fichera*, 230 AD2d at 804). Accordingly, under the particular circumstances presented here, the Family Court properly denied the father's petition for downward modification.

The father's remaining contentions are without merit. Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.