■ In the Matter of MICHAEL G. GEDACHT, Appellant, v KAREN S. AGULNEK, Respondent. [890 NYS2d 76]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Hoffman, J.), dated May 28, 2009, as denied his objections to so much of an order of the same court (Buse, S.M.), dated April 2, 2009, as, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order dated May 28, 2009, is affirmed insofar as appealed from, without costs or disbursements.

A parent seeking downward modification of a child support obligation has the burden of establishing a substantial and unanticipated change in circumstances (*see Matter of Fowler v Rivera*, 40 AD3d 1093, 1094 [2007]; *Matter of Prisco v Buxbaum*, 275 AD2d 461 [2000]). In order to meet that burden, a party seeking a downward modification based on a loss of employment must submit evidence demonstrating that he or she has diligently sought to obtain employment commensurate with that party's earning capacity (*see Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 998 [2007]; *Matter of Yepes v Fichera*, 230 AD2d 803, 804 [1996]; *Matter of Meyer v Meyer*, 205 AD2d 784 [1994]; *see also Matter of Davis v Davis*, 197 AD2d 622, 623 [1993]).

Here, the unsubstantiated conclusory allegations of the father that he diligently sought employment commensurate with his qualifications and experience were insufficient to meet his burden (*see Matter of Yepes v Fichera*, 230 AD2d at 804; *Barson v Barson*, 32 AD3d 872, 873 [2006]). Therefore, the Support Magistrate properly denied the father's petition for a downward modification of his child support obligation (*see Matter of Muselevichus v Muselevichus*, 40 AD3d at 999; *Matter of Yepes v Fichera*, 230 AD2d at 804), and the Family Court properly denied the father's objections to so much of the order of the Support Magistrate as denied his petition for a downward modification of his child support obligation. Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.