In the Matter of MARY LOUISE COAN, Respondent, v THOMAS N. THOMPSON, Appellant. [894 NYS2d 670]—

Appeal from an order of the Family Court, Monroe County (Marilyn L. O'Connor, J.), entered December 26, 2007 in a proceeding pursuant to Family Court Act article 4. The order, among other things, determined respondent's monthly child support obligation.

It is hereby ordered that the order so appealed from is unanimously modified on the law by providing in the seventh ordering paragraph that respondent's child support obligation is $10,000 per month until June 18, 2006 and by vacating the amount of retroactive child support awarded in the eighth ordering paragraph and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: Respondent father appeals from an order directing him to pay monthly child support in the amount of $13,526.06. The Support Magistrate had ordered that the father's child support obligation was $8,126 per month, taking into consideration the fact that the father had paid approximately $17,000 in college tuition for the oldest child and had made other voluntary payments. Family Court determined, however, that the Support Magistrate abused her discretion in offsetting the father's child support obligation based on the college tuition and other voluntary payments that he made. The court noted that the parties had established accounts for the children's college expenses and thus ordered that the children's college expenses were to be paid from those accounts until they were depleted, at which time the parties were to contribute the college expenses on a pro rata basis.

We conclude that the court abused its discretion in calculating the father's child support obligation based on the presumptive amount. The court did not provide any "record articulation" to support its determination that the presumptive amount was necessary to provide for the expenses and the standard of living previously enjoyed by the family (*Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]). Petitioner mother testified at the fact-finding hearing that the household expenses were $15,000 per month, and the Support Magistrate attributed only $10,000 per month as expenses for the children. The Support Magistrate's findings are entitled to great deference, and we conclude that the Support Magistrate's calculation of the children's expenses is supported by the record (*see generally Matter of Luther v Luther*, 35 AD3d 473 [2006]). We further note that two of the children are now over the age of 21 (*see* Family Ct Act § 413 [1] [a]). We therefore modify the order by

providing in the seventh ordering paragraph that the father's child support obligation is $10,000 per month until June 18, 2006, the date on which the oldest child reached the age of 21, and by vacating the amount of retroactive child support awarded in the eighth ordering paragraph. We remit the matter to Family Court to determine following a further hearing, if necessary, the father's child support obligation beginning June 18, 2006 and the amount of retroactive child support for the period of November 17, 2003 through February 28, 2005. Present—Scudder, P.J., Martoche, Smith, Carni and Green, JJ.