■ In the Matter of MOISES MERA, Appellant, v GLORIA RODRIGUEZ, Respondent. [904 NYS2d 83]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Edlitz, J.), entered May 26, 2009, as denied his objections to so much of an order of the same court (Furman, S.M.), entered April 10, 2009, as, after a hearing, denied his petition for a downward modification of his child support obligation and directed him to pay child support arrears in the sum of $3,630.

Ordered that the order entered May 26, 2009, is affirmed insofar as appealed from, without costs or disbursements.

A parent seeking downward modification of a child support obligation has the burden of establishing a substantial and unanticipated change in circumstances (*see Matter of Gedacht v Agulnek*, 67 AD3d 1013 [2009]). In order to meet that burden, a party seeking a downward modification based on a loss of employment must submit evidence demonstrating that he or she has diligently sought to obtain employment commensurate with that party's earning capacity (*id.*). In addition, "[i]n determining whether there has been a substantial change in circumstances, the change is measured by comparing the payor's financial situation at the time of the application for a downward modification with that at the time of the order [sought to be modified]" (*Matter of Mandelowitz v Bodden*, 68 AD3d 871, 874 [2009], *lv denied* 14 NY3d 710 [2010]). Here, the father failed to establish a substantial and unanticipated change in circumstances or diligent job search efforts. Furthermore, the father failed to establish that he was entitled to have his child support arrears reduced or eliminated (*see Matter of Betancourt v Betancourt*, 71 AD3d 764 [2010]; *Dembitzer v Rindenow*, 35 AD3d 791 [2006]; *Matter of Telfer v Maher*, 270 AD2d 494 [2000]). Prudenti, P.J., Skelos, Florio and Sgroi, JJ., concur.