In the Matter of KEVIN J. PETERSON, Appellant, v TERRY PETERSON, Respondent. [904 NYS2d 500]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Hoffmann, J.), dated September 18, 2009, which denied his objections to an order of the same court (Buse, S.M.), dated July 23, 2009, which, after a hearing, in effect, denied his petition for a downward modification of his child support obligation and granted the mother's petition to enforce his child support obligations and for payment of unreimbursed medical expenses.

Ordered that the order dated September 18, 2009, is affirmed, with costs.

"The child support provisions contained in a stipulation of settlement incorporated but not merged into a judgment of divorce should not be disturbed unless there has been a substantial and unanticipated change in circumstances since the entry of the judgment of divorce" (*Matter of Karagiannis v Karagiannis*, 73 AD3d 1064, 1065 [2010]; *see Matter of Boden v Boden*, 42 NY2d 210 [1977]; *Beard v Beard*, 300 AD2d 268 [2002]). "In order to meet that burden, a party seeking a

downward modification based on a loss of employment must submit evidence demonstrating that he or she has diligently sought to obtain employment commensurate with that party's earning capacity" (*Matter of Gedacht v Agulnek*, 67 AD3d 1013 [2009]; *see Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 998-999 [2007]; *Matter of Yepes v Fichera*, 230 AD2d 803 [1996]).

Here, the unsubstantiated conclusory allegations of the father that he diligently sought employment commensurate with his qualifications and experience were insufficient to meet his burden (*see Matter of Gedacht v Agulnek*, 67 AD3d 1013 [2009]; *Matter of Yepes v Fichera*, 230 AD2d 803 [1996]). Therefore, the Support Magistrate properly denied the father's petition for a downward modification of his support obligation (*see Matter of Muselevichus v Muselevichus*, 40 AD3d at 998-999; *Matter of Yepes v Fichera*, 230 AD2d 803 [1996]).

The father's contentions regarding child support arrears are without merit. The mother met her initial burden of presenting prima facie evidence of the father's nonpayment of his child support obligation and his failure to pay his pro rata share of certain unreimbursed medical expenses (*see Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Palmer v Palmer*, 71 AD3d 1152 [2010]). The father failed to offer evidence sufficient to rebut her showing. Accordingly, the Support Magistrate properly granted the mother's petition to enforce the father's child support obligations and for payment of unreimbursed medical expenses.

Contrary to the father's contention, the Family Court properly rendered a decision on his objections without the aid of a hearing transcript, since the Family Court reviewed the Support Magistrate's findings of fact, which summarized the testimony at the hearing (*see Matter of Terjesen v Terjesen*, 29 AD3d 705 [2006]; *Matter of Cook v Bornhorst*, 230 AD2d 934 [1996]; *Matter of Smith v Smith*, 197 AD2d 830, 831 [1993]). Mastro, J.P., Florio, Belen and Chambers, JJ., concur.