■ THERESA ANNE JELFO, Respondent, v JOHN MICHAEL JELFO, JR., Appellant. (Appeal No.1.) [916 NYS2d 427]—

Appeal from a judgment of the Supreme Court, Onondaga County (Kevin G. Young, J.), entered April 11, 2008 in a divorce action. The judgment, inter alia, granted plaintiff a divorce and ordered defendant to pay support and maintenance.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, defendant appeals from a judgment of divorce and contends, inter alia, that Supreme Court erred in awarding plaintiff maintenance and attorney's fees. In appeal No. 2, he contends that the court erred in denying his motion insofar as he sought a downward modification of the maintenance and child support obligations and further erred in ordering him to pay plaintiff the sum of $2,500 for attorney's fees incurred by her in connection with his motion.

We reject the contention of defendant in appeal No. 1 that the court erred in refusing to take into account the payments that he made to assist in the support and college expenses of his children from a prior marriage. It is undisputed that there was neither a court order nor a written agreement with respect to the support of those children, and thus the court properly

refused to reduce defendant's income by the amount of those payments in calculating his instant child support obligation (see Domestic Relations Law § 240 [1-b] [b] [5] [vii] [D]). Furthermore, it is well settled that the court may consider the needs of children who are not the subject of this divorce action in determining whether the pro-rata share of defendant's child support obligation is unjust or inappropriate "only if the resources available to support such children are less than the resources available to support the children who are subject to the instant action" (§ 240 [1-b] [f] [8]), and that is not the case here.

We reject defendant's further contention in appeal No. 1 that the court abused its discretion in requiring him to pay maintenance to plaintiff. At the time of the trial, defendant earned approximately $110,000 per year, while plaintiff earned approximately $45,000 per year. It is well established that the " 'amount and duration of maintenance are committed to the sound discretion of the trial court' " (*Frost v Frost*, 49 AD3d 1150, 1150-1151 [2008]), and we conclude that the court did not abuse its discretion in awarding maintenance to plaintiff for a period of five years. The record establishes that the court properly considered the factors set forth in Domestic Relations Law § 236 (B) (6), including the reasonable needs of both parties (*see Griggs v Griggs*, 44 AD3d 710, 712 [2007]; *see generally Hartog v Hartog*, 85 NY2d 36, 52 [1995]).

Defendant further contends in appeal No. 1 that the court abused its discretion in ordering him to pay the attorney's fees of plaintiff incurred with respect to the divorce action, and in appeal No. 2 he contends the court abused its discretion in ordering him to pay plaintiff $2,500 toward her attorney's fees with respect to his motion. We conclude in appeal No. 1, i.e., the divorce action, that the court properly considered, inter alia, the disparity in the parties' respective incomes, and thus the court did not abuse its discretion in requiring defendant to pay the attorney's fees for plaintiff in the divorce action (*see generally DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Mann v Mann*, 244 AD2d 928, 929-930 [1997]). With respect to the order in appeal No. 2, however, we conclude that the court improvidently exercised its discretion in requiring defendant in the fourth ordering paragraph to contribute to the attorney's fees for plaintiff incurred in connection with his motion inasmuch as the parties had comparable financial resources at that time, and plaintiff had sufficient funds with which to pay those fees (*see Penna v Penna*, 29 AD3d 970, 972 [2006]). We therefore modify the order in appeal No. 2 accordingly.

Finally, we conclude in appeal No. 2 that the court properly denied defendant's motion for a downward modification of his child support and maintenance obligations based upon his loss of employment. It is well settled that a loss of employment may constitute a change in circumstances justifying a downward modification of those obligations " 'where the termination occurred through no fault of the [party seeking modification] and the [party] has diligently sought re-employment' " (*Matter of Fragola v Alfaro*, 45 AD3d 684, 685 [2007]). Here, the court properly determined that defendant contributed to the termination inasmuch as he failed to meet the expectations of his employer, although we agree with defendant that the court erred in determining that he did not diligently seek re-employment. Indeed, the record establishes that defendant was interviewed for several jobs over a three-month period within a one-hour radius of Syracuse before accepting the only position that he was offered, with a resulting reduction in income in the amount of $30,000. We further agree with defendant that, inasmuch as he was awarded joint custody and liberal visitation with his daughters, his failure to pursue job leads provided to him by plaintiff both in the New York City area and in states other than New York does not render his job search less than diligent. Nevertheless, the record establishes that defendant had liquid assets in addition to his income, and we thus conclude that the court did not abuse its discretion in determining that he had the ability to meet his child support and maintenance obligations (*see generally Fragola*, 45 AD3d at 685; *Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 998-999 [2007]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.