# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**18**
**CA 09-00081**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

THERESA ANNE JELFO, PLAINTIFF-RESPONDENT,

V                                             MEMORANDUM AND ORDER

JOHN MICHAEL JELFO, JR., DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

FINOCCHIO & ENGLISH, ESQS., SYRACUSE, D.J. & J.A. CIRANDO, ESQS.
(ELIZABETH deV. MOELLER OF COUNSEL), FOR DEFENDANT-APPELLANT.

JAMES E. CORL, JR., CICERO (J. SCOTT PORTER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

SHERENE PAVONE, ATTORNEY FOR THE CHILDREN, MANLIUS, FOR JESSICA A.S.J.
AND JOANNA S.J.

---

Appeal from a judgment of the Supreme Court, Onondaga County
(Kevin G. Young, J.), entered April 11, 2008 in a divorce action.  The
judgment, inter alia, granted plaintiff a divorce and ordered
defendant to pay support and maintenance.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  In appeal No. 1, defendant appeals from a judgment
of divorce and contends, inter alia, that Supreme Court erred in
awarding plaintiff maintenance and attorney's fees.  In appeal No. 2,
he contends that the court erred in denying his motion insofar as he
sought a downward modification of the maintenance and child support
obligations and further erred in ordering him to pay plaintiff the sum
of $2,500 for attorney's fees incurred by her in connection with his
motion.

We reject the contention of defendant in appeal No. 1 that the
court erred in refusing to take into account the payments that he made
to assist in the support and college expenses of his children from a
prior marriage.  It is undisputed that there was neither a court order
nor a written agreement with respect to the support of those children,
and thus the court properly refused to reduce defendant's income by
the amount of those payments in calculating his instant child support
obligation (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [D]).
Furthermore, it is well settled that the court may consider the needs
of children who are not the subject of this divorce action in
determining whether the pro-rata share of defendant's child support

obligation is unjust or inappropriate "only if the resources available to support such children are less than the resources available to support the children who are subject to the instant action" (§ 240 [1-b] [f] [8]), and that is not the case here.

We reject defendant's further contention in appeal No. 1 that the court abused its discretion in requiring him to pay maintenance to plaintiff.  At the time of the trial, defendant earned approximately $110,000 per year, while plaintiff earned approximately $45,000 per year.  It is well established that the " 'amount and duration of maintenance are committed to the sound discretion of the trial court' " (*Frost v Frost*, 49 AD3d 1150, 1150-1151), and we conclude that the court did not abuse its discretion in awarding maintenance to plaintiff for a period of five years.  The record establishes that the court properly considered the factors set forth in Domestic Relations Law § 236 (B) (6), including the reasonable needs of both parties (*see Griggs v Griggs*, 44 AD3d 710, 712; *see generally Hartog v Hartog*, 85 NY2d 36, 52).

Defendant further contends in appeal No. 1 that the court abused its discretion in ordering him to pay the attorney's fees of plaintiff incurred with respect to the divorce action, and in appeal No. 2 he contends the court abused its discretion in ordering him to pay plaintiff $2,500 toward her attorney's fees with respect to his motion.  We conclude in appeal No. 1, i.e., the divorce action, that the court properly considered, inter alia, the disparity in the parties' respective incomes, and thus the court did not abuse its discretion in requiring defendant to pay the attorney's fees for plaintiff in the divorce action (*see generally DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881; *Mann v Mann*, 244 AD2d 928, 929-930).  With respect to the order in appeal No. 2, however, we conclude that the court improvidently exercised its discretion in requiring defendant in the fourth ordering paragraph to contribute to the attorney's fees for plaintiff incurred in connection with his motion inasmuch as the parties had comparable financial resources at that time, and plaintiff had sufficient funds with which to pay those fees (*see Penna v Penna*, 29 AD3d 970, 972).  We therefore modify the order in appeal No. 2 accordingly.

Finally, we conclude in appeal No. 2 that the court properly denied defendant's motion for a downward modification of his child support and maintenance obligations based upon his loss of employment. It is well settled that a loss of employment may constitute a change in circumstances justifying a downward modification of those obligations " 'where the termination occurred through no fault of the [party seeking modification] and the [party] has diligently sought re-employment' " (*Matter of Fragola v Alfaro*, 45 AD3d 684, 685).  Here, the court properly determined that defendant contributed to the termination inasmuch as he failed to meet the expectations of his employer, although we agree with defendant that the court erred in determining that he did not diligently seek re-employment.  Indeed, the record establishes that defendant was interviewed for several jobs over a three-month period within a one-hour radius of Syracuse before accepting the only position that he was offered, with a resulting

reduction in income in the amount of $30,000.  We further agree with defendant that, inasmuch as he was awarded joint custody and liberal visitation with his daughters, his failure to pursue job leads provided to him by plaintiff both in the New York City area and in states other than New York does not render his job search less than diligent.  Nevertheless, the record establishes that defendant had liquid assets in addition to his income, and we thus conclude that the court did not abuse its discretion in determining that he had the ability to meet his child support and maintenance obligations (*see generally Fragola*, 45 AD3d at 685; *Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 998-999).

Entered:  February 10, 2011                           Patricia L. Morgan
                                                      Clerk of the Court