■ In the Matter of DEL M. SCOTTI, Appellant, v ANDREA M. SCOTTI, Respondent. [918 NYS2d 891]—

A parent seeking downward modification of a child support obligation has the burden of establishing a substantial and unanticipated change in circumstances (*see Matter of Mera v Rodriguez,* 74 AD3d 974, 974 [2010]). In order to meet that burden, a party seeking a downward modification based on a loss of employment must submit evidence demonstrating that he or she has diligently sought to obtain employment commensurate with that party's earning capacity (*see Matter of Mera v Rodriguez,* 74 AD3d at 974; *Matter of Muselevichus v Muselevichus,* 40 AD3d 997, 998 [2007]; *Matter of Yepes v Fichera,* 230 AD2d 803, 804 [1996]; *Matter of Meyer v Meyer,* 205 AD2d 784 [1994]; *see also Matter of Davis v Davis,* 197 AD2d 622, 623 [1993]).

Here, the unsubstantiated conclusory allegations of the father that he diligently sought employment commensurate with his qualifications and experience were insufficient to meet his burden (*see Matter of Peterson v Peterson,* 75 AD3d 512, 513 [2010]; *Matter of Gedacht v Agulnek,* 67 AD3d 1013 [2009]; *Matter of Yepes v Fichera,* 230 AD2d at 804). Therefore, the Support Magistrate properly denied the father's petition for a downward modification of his child support obligation (*see Matter of Gedacht v Agulnek,* 67 AD3d 1013 [2009]; *Matter of Field v Field,* 67 AD3d 1012 [2009]; *Matter of Muselevichus v Muselevichus,* 40 AD3d at 999; *Matter of Yepes v Fichera,* 230 AD2d at 804), and the Family Court properly denied the father's objections to the order denying his petition.

Moreover, although the Family Court temporarily reduced the father's child support payments during the pendency of his petition, it properly reinstated the father's child support obligation pursuant to a prior order of child support, retroactive to the date the father filed his petition for a downward modification of his child support obligation, in light of the fact that the father failed to establish his entitlement to a downward modification (*see* Family Ct Act § 451). Covello, J.P., Belen, Hall and Cohen, JJ., concur.