■ In the Matter of DONNA M. RIENDEAU, Respondent, v MI-CHAEL P. RIENDEAU, Appellant. [943 NYS2d 215]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Hoffmann, J.), dated April 18, 2011, as denied his objection to so much of an order of the same court (Fields, S.M.), dated September 17, 2010, as, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order dated April 18, 2011, is affirmed insofar as appealed from, with costs.

" 'A parent seeking downward modification of a child support obligation has the burden of establishing a substantial and unanticipated change in circumstances' " (*Basile v Wiggs*, 82 AD3d 921, 921 [2011], quoting *Matter of Mera v Rodriguez*, 74 AD3d 974, 974 [2010]; *see Matter of Kalarickal v Kalarickal*, 89 AD3d 846, 847 [2011]; *Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 998 [2007]). A parent's loss of employment may constitute a substantial and unanticipated change in circumstances justifying a downward modification of child support where the termination occurred through no fault of the parent and the parent has diligently sought re-employment commensurate with his or her earning capacity (*see Matter of Bruckstein v Bruckstein*, 78 AD3d 695, 696 [2010]; *Matter of Gedacht v Agulnek*, 67 AD3d 1013 [2009]; *Matter of Muselevichus v Muselevichus*, 40 AD3d at 998). Here, the Family Court properly determined that the father failed to meet his burden of demonstrating a substantial and unanticipated change in circumstances warranting a downward modification of his child support obligation (*see Matter of Kalarickal v Kalarickal*, 89 AD3d at 847). The father caused his own loss of employment by failing to meet his child support obligation, which resulted in his incarceration for a period of six months. In addition, the father's unsubstantiated, conclusory allegations that he diligently sought employment commensurate with his qualifications and experience were insufficient to meet his burden (*see Matter of Peterson v Peterson*, 75 AD3d 512, 513 [2010]; *Matter of Gedacht v Agulnek*, 67 AD3d 1013 [2009]).

The father's remaining contentions are without merit. Rivera, J.P., Hall, Lott and Austin, JJ., concur.