■ DIANE SHEETS, Respondent, v SCOTT SHEETS, Appellant. [945 NYS2d 143]—

In a matrimonial action in which the parties were divorced by judgment entered June 4, 2002, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Buetow, Ct. Atty. Ref.), dated February 3, 2011, which, after a hearing, denied his motion for termination or downward modification of his maintenance obligation and, in effect, granted that branch of the plaintiff's cross motion which was to enforce the obligation, and awarded maintenance arrears in the amount of

$40,600 to the plaintiff, and (2) an order of the same court dated April 12, 2011, which granted the plaintiff's motion for an award of counsel fees to the extent of awarding counsel fees in the amount of $5,625 to the plaintiff's attorney and additional counsel fees in the amount of $1,000 to the plaintiff.

Ordered that the orders are affirmed, with one bill of costs.

The Supreme Court properly determined that the defendant failed to demonstrate his entitlement to the termination or downward modification of his maintenance obligation. Although the defendant established that he lost his former employment through no fault of his own, and that this job loss qualified as a change in circumstances under the parties' judgment of divorce, the record supports the court's finding that the reversal of the defendant's financial condition was created by his voluntary decision to decline another job offer. Under these circumstances, and because there is insufficient evidence in the record to demonstrate that the defendant engaged in good faith efforts to obtain employment commensurate with his qualifications and experience, the defendant failed to establish that a reduction in his maintenance obligation was warranted (*see Matter of Scotti v Scotti*, 82 AD3d 1107, 1108 [2011]; *Matter of Lebron v Pringle*, 77 AD3d 835, 836 [2010]).

Furthermore, under the facts presented, the Supreme Court properly granted the plaintiff's motion for an award of counsel fees to the extent of awarding counsel fees in the amount of $5,625 to the plaintiff's attorney and additional counsel fees in the amount of $1,000 to the plaintiff (*see* Domestic Relations Law § 237 [b], [c]; § 238; *see generally Matter of Kotsonis v Notias*, 78 AD3d 702, 702-703 [2010]; *Rodman v Friedman*, 33 AD3d 400, 400-401 [2006]; *Green v Green*, 288 AD2d 436, 437 [2001]). Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.