In a matrimonial action in which the parties were divorced by judgment dated June 30, 2011, the defendant appeals (1) from a money judgment of the Supreme Court, Kings County (Henderson, Ct. Atty. Ref.), entered November 2, 2011, which, in effect, upon an order of the same court dated September 27, 2011, granting the plaintiffs motion for an award of child support arrears and denying the defendant’s motion, inter alia, for a downward modification of his child support obligation, is in favor of the plaintiff and against him in the principal sum of $28,116.91, (2) from an order of the same court (Erus, J.), dated June 19, 2012, which denied that branch of the defendant’s second motion which was for a downward modification of his child support obligation, and (3) from an order of the same court (Erus, J.), dated July 26, 2012, which denied the defendant’s motion to reject the report of a referee dated April 30, 2012, recommending that the defendant be held in civil contempt for certain violations of the judgment of divorce and that the plaintiff receive a money judgment in the amount of specified arrears, and confirmed the report.
Ordered that the money judgment is modified, on the law and the facts, by reducing the principal sum of child support arrears awarded to the plaintiff from $28,116.91 to $26,491.91; as so modified, the money judgment is affirmed, without costs or disbursements; and it is further,
Ordered that the orders dated June 19, 2012, and July 26, 2013, are affirmed, without costs or disbursements.
As the party seeking a downward modification of the child support provision of a prior judgment, the defendant had the burden of establishing “a substantial change in circumstances” *713 (Domestic Relations Law § 236 [B] [9] [b] [2] [ii]). “Although a parent’s loss of employment may constitute a change of circumstances warranting a downward modification where he or she has diligently sought reemployment, the proper amount of support payable is determined not by a parent’s current economic situation, but by a parent’s assets and earning powers” (Matter of Yepes v Fichera, 230 AD2d 803, 804 [1996] [citation omitted]; see Matter of Freedman v Pogust, 77 AD3d 833 [2010]; Matter of D’Altilio v D'Altilio, 14 AD3d 701 [2005]; Beard v Beard, 300 AD2d 268, 269 [2002]). Thus, a parent seeking downward modification of a child support obligation must submit competent proof that the change in circumstance was not of his or her own making and that the parent thereafter made a good-faith effort to obtain employment commensurate with his or her qualifications and experience (see Matter of Riendeau v Riendeau, 95 AD3d 891, 892 [2012]; Matter of Uher v Uher, 88 AD3d 732 [2011]; Matter of Scotti v Scotti, 82 AD3d 1107 [2011]; Matter of Marrale v Marrale, 44 AD3d 773, 776 [2007]; Matter of Fowler v Rivera, 40 AD3d 1093, 1094 [2007]; Matter of Muselevichus v Muselevichus, 40 AD3d 997, 999 [2007]; Matter of Terjesen v Terjesen, 29 AD3d 705 [2006]; Matter of Heyward v Goldman, 23 AD3d 468, 469 [2005]; Matter of D'Altilio v D’Altilio, 14 AD3d 701 [2005]).
The Supreme Court properly denied that branch of the defendant’s first motion which was for a downward modification of his child support obligation. The only evidence he submitted relating to his unemployment showed that his employment was terminated “for poor performance and failure to follow direction,” and he submitted no evidence of any efforts to obtain subsequent employment. Furthermore, the record supports the Supreme Court’s denial of that branch of his second motion which was for a downward modification on the ground that the defendant failed to establish that he diligently searched for employment commensurate with his qualifications and experience (see Matter of Riendeau v Riendeau, 95 AD3d at 892; Matter of Fowler v Rivera, 40 AD3d at 1094; Matter of Heyward v Goldman, 23 AD3d at 469; Matter of Yepes v Fichera, 230 AD2d at 804).
Contrary to the defendant’s contention, the Supreme Court properly denied his motion to reject the report of a Court Attorney Referee dated April 30, 2012, recommending that the defendant be held in civil contempt for certain violations of the judgment of divorce and that the plaintiff receive a money judgment in the amount of specified arrears, and confirmed the report. The plaintiff demonstrated that the defendant had *714 violated a clear and unequivocal court order by failing to pay child support and maintenance as required by the judgment of divorce, thereby prejudicing the plaintiffs rights (see Domestic Relations Law § 245; Judiciary Law § 756; Hinkson v Daughtry-Hinkson, 31 AD3d 608 [2006]; Rienzi v Rienzi, 23 AD3d 447, 449 [2005]; Vujovic v Vujovic, 16 AD3d 490, 491 [2005]; Orlando v Orlando, 222 AD2d 906, 908-909 [1995]).
We agree with the defendant, however, that the Court Attorney Referee erred in calculating the amount of arrears owed in the money judgment entered November 2, 2011. The defendant submitted proof by affidavit that he had paid the plaintiff $1,875 in child support with which the Office of Child Support Enforcement had not credited him. The plaintiff admitted that she had received a certain amount of support payments from the defendant during the relevant time, that the statement of arrears she submitted from the Office of Child Support Enforcement did not credit him with those amounts, and that she had not acknowledged receipt of any of those payments to the Office of Child Support Enforcement. Nonetheless, the Court Attorney Referee credited the defendant with only $250 — the amount proven by a canceled check — because the plaintiff would not stipulate to an exact amount of the support actually paid to her. Under these circumstances, where the plaintiff did not dispute that the defendant paid her the amount claimed, the court should have credited the defendant with the full $1,875.
The defendant’s remaining contentions are without merit. Rivera, J.E, Leventhal, Chambers and Lott, JJ., concur.