■ In the Matter of John Rolko, Jr., Appellant, v Gina Intini, Respondent. [9 NYS3d 101]—

Appeal from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated July 15, 2014. The order denied the father's objections to an order of that court (Aletha Fields, S.M.), dated April 30, 2014, which, after a hearing, dismissed his petition for a downward modification of his child support obligation, with prejudice.

Ordered that the order dated July 15, 2014, is modified, on the law, by deleting the provision thereof, in effect, denying the father's objection to the words "with prejudice" in the order dated April 30, 2014, and substituting therefor a provision granting that objection and thereupon substituting the words "without prejudice" for the words "with prejudice" in the order dated April 30, 2014; as so modified, the order dated July 15, 2014, is affirmed, without costs or disbursements.

A "party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (*Matter of Baumgardner v Baumgardner*, 126 AD3d 895, 896-897 [2015]; *see Matter of Rubenstein v Rubenstein*, 114 AD3d 798, 798 [2014]; *Matter of Suyunov v Tarashchansky*, 98 AD3d 744, 745 [2012]). "A parent's loss of employment may constitute a substantial change in circumstances" (*Matter of Rubenstein v Rubenstein*, 114 AD3d at 798; *see Matter of Suyunov v Tarashchansky*, 98 AD3d at 745; *Matter of Ceballos v Castillo*, 85 AD3d 1161, 1162 [2011]). However, "[t]he proper amount of support to be paid . . . is determined not by the parent's current economic situation, but by the parent's assets and earning capacity" (*Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 998-999 [2007]; *see Matter of Baumgardner v Baumgardner*, 126 AD3d at 896-897; *Ashmore v Ashmore*, 114 AD3d 712, 713 [2014]; *Matter of Solis v Marmolejos*, 50 AD3d 691, 692 [2008]). Thus, a parent seeking downward modification of a child support obligation must submit competent proof that "the termination occurred through no fault of the parent and the parent has diligently sought re-employment commensurate with his or her earning capacity" (*Matter of Riendeau v Riendeau*, 95 AD3d 891, 892 [2012]; *see Matter of Rubenstein v Rubenstein*, 114 AD3d at 798; *Ashmore v Ashmore*, 114 AD3d at 713; *Matter of Suyunov v Tarashchansky*, 98 AD3d at 745; *Matter of Ceballos v Castillo*, 85 AD3d at 1162). "On appeal, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses" (*Matter of Rubenstein v Rubenstein*, 114 AD3d at 798; *see Matter of Gansky v Gansky*, 103 AD3d 894, 895 [2013]; *Matter of Suyunov v Tarashchansky*, 98 AD3d at 745).

Here, the record supports the Support Magistrate's determination that the father failed to demonstrate a substantial change in circumstances warranting a downward modification of his child support obligation. The father failed to adduce sufficient evidence to satisfy his burden of establishing that he diligently sought employment commensurate with his qualifications and experience (*see Matter of Riendeau v Riendeau*, 95 AD3d at 892; *Matter of Peterson v Peterson*, 75 AD3d 512, 513 [2010]; *Matter of Gedacht v Agulnek*, 67 AD3d 1013, 1013 [2009]). Thus, the Family Court properly denied the father's objections to the Support Magistrate's finding that he was not entitled to a downward modification of his child support obligation.

However, under the circumstances of this case, the instant

petition should not have been dismissed "with prejudice" to the filing of any subsequent petition for modification of child support. The Family Court has continuing jurisdiction to modify a prior order of child support upon a proper showing of statutorily enumerated circumstances (*see* Family Ct Act § 451 [2] [a], [b] [i], [ii]). Therefore, the Family Court should have granted the father's objection to the words "with prejudice" in the order dated April 30, 2014, and thereupon substituted the words "without prejudice" for the words "with prejudice" in that order (*see Matter of Edwards v Edwards*, 111 AD3d 630, 632 [2013]; *cf. Matter of French v Gordon*, 103 AD3d 722, 723 [2013]). Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.