■ In the Matter of MICHAEL J. IPPOLITI, Appellant, v LAURA A. IPPOLITI, Respondent. [21 NYS3d 323]—

Appeal from an order of the Family Court, Orange County (Debra J. Kiedaisch, J.), dated December 1, 2014. The order denied the father's objections to an order of that court (Christine Patneaude Krahulik, S.M.), dated October 17, 2014, which, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order dated December 1, 2014, is affirmed, without costs or disbursements.

A party seeking to modify an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification (*see Matter of Baumgardner v Baumgardner*, 126 AD3d 895, 896-897 [2015]; *Matter of Rubenstein v Rubenstein*, 114 AD3d 798, 798 [2014]; *Matter of Suyunov v Tarashchansky*, 98 AD3d 744, 745 [2012]). A party's loss of employment may constitute a substantial change in circumstances (*see Matter of Rubenstein v Rubenstein*, 114 AD3d at 798; *Matter of Suyunov v Tarashchansky*, 98 AD3d at 745; *Matter of Ceballos v Castillo*, 85 AD3d 1161, 1162 [2011]). A party seeking downward modification of a child support obligation based on a loss of employment must submit competent proof that the loss of employment occurred through no fault of the party and the party has diligently sought re-employment commensurate with his or her earning capacity (*see Matter of Rubenstein v Rubenstein*, 114 AD3d at 798; *Ashmore v Ashmore*, 114 AD3d 712, 713 [2014]; *Matter of Nenninger v Tonnessen*, 113 AD3d 619, 619 [2014]).

Here, the record supports the Support Magistrate's determination that the father failed to demonstrate a substantial change in circumstances warranting a downward modification of his child support obligation. The father failed to establish that the termination of his employment did not involve his own fault (*see Ashmore v Ashmore*, 114 AD3d at 713). In any event, the father failed to adduce sufficient evidence to satisfy his burden of establishing that he diligently sought employment commensurate with his qualifications and experience (*see Matter of Rolko v Intini*, 128 AD3d 705, 706 [2015]; *Matter of Riendeau v Riendeau*, 95 AD3d 891, 892 [2012]; *Matter of Peterson v Peterson*, 75 AD3d 512, 513 [2010]; *Matter of Gedacht v Agulnek*, 67 AD3d 1013, 1013 [2009]). Thus, the Family Court properly denied the father's objections to the Support Magistrate's order denying his petition for a downward modification of his child support obligation. Leventhal, J.P., Dickerson, Maltese and Duffy, JJ., concur.