Appeals by the father from (1) an order of the Supreme Court, Kings County (IDV Part) (Patricia E. Henry, J.), dated June 15, 2016, and (2) an order of commitment of that court dated July 20, 2016. The order, after a hearing, and upon a decision of that court, also dated June 15, 2016, granted the mother’s petition to enforce the father’s child support obligation and to find him in civil contempt, denied the father’s petition for a downward modification of his child support obligation, adjudged the father in civil contempt for his failure to comply with the child support provision of the parties’ judgment of divorce, and directed that the father be incarcerated unless he paid arrears in the sum of $20,211.97 within 30 days. The order of commitment, upon the order and the father’s failure to purge his contempt, directed that the father be committed to the custody of the sheriff of the City of New York for a period of 60 days unless he paid a purge amount of $17,664.50.
 

 Ordered that the order and the order of commitment are affirmed, without costs or disbursements.
 

 The parties, who were divorced in 2012, have one child in common, of whom the mother had sole physical and legal custody. Pursuant to the parties’judgment of divorce, the father was obligated to pay $298 in child support monthly, along with certain other expenses. The mother petitioned to enforce the father’s support obligation and to find the father in civil contempt. In support of her petition, the mother proffered evidence that the father owed arrears in excess of $20,000. The father petitioned for a downward modification of his support obligation.
 

 After a hearing, the Supreme Court found that the father’s failure to meet his support obligation was the result of his voluntary underemployment. The court therefore granted the mother’s petition, adjudged the father in civil contempt, directed that he be incarcerated unless he paid arrears in the sum of $20,211.97 within 30 days, and denied the father’s modification petition. The court thereafter issued an order of commitment, directing that the father be incarcerated for a period of 60 days unless he paid a purge amount of $17,664.50. The father appeals.
 

 A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court (see Shemtov v Shemtov, 153 AD3d 1295 [2017]; Cassarino v Cassarino, 149 AD3d 689, 690 [2017]; Matter of Hughes v Kameneva, 96 AD3d 845, 846 [2012]). To prevail on a motion to hold a party in civil contempt, the movant must establish by clear and convincing evidence (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, thát the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court’s order, and (4) prejudice to the right of a party to the litigation (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; Shemtov v Shemtov, 153 AD3d at 1295). Once the moving party makes this showing, the burden shifts to the alleged contem-nor to refute the movant’s showing, or to offer evidence of a defense, such as an inability to comply with the order (see El-Dehdan v El-Dehdan, 26 NY3d at 35; Shemtov v Shemtov, 153 AD3d at 1295).
 

 Here, the mother established by clear and convincing evidence that the father violated the child support provisions of the judgment of divorce (see Domestic Relations Law § 245; Cassarino v Cassarino, 149 AD3d at 691). In opposition, the father did not refute the mother’s showing or offer evidence establishing a defense (see Cassarino v Cassarino, 149 AD3d at 691). Accordingly, the Supreme Court properly adjudged the father in civil contempt for his failure to comply with the child support provision of the parties’ judgment of divorce, and directed that the father be incarcerated unless he purged the contempt.
 

 The Supreme Court likewise properly denied the father’s petition for a downward modification of his child support obligation. “A ‘party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification’ ” (Matter of Rolko v Intini, 128 AD3d 705, 706 [2015], quoting Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896-897 [2015]; see Family Ct Act § 451; Matter of Lagani v Li, 131 AD3d 1246 [2015]; Matter of Pepe v Pepe, 128 AD3d 831, 834 [2015]). Where loss of employment is the basis of the petition for downward modification, the parent “must submit competent proof that ‘the termination occurred through no fault of the parent and the parent has diligently sought re-employment commensurate with his or her earning capacity’ ” (Matter of Rolko v Intini, 128 AD3d at 706, quoting Matter of Riendeau v Riendeau, 95 AD3d 891, 892 [2012]; see Matter of Rubenstein v Rubenstein, 114 AD3d 798 [2014]; Ashmore v Ashmore, 114 AD3d 712, 713 [2014]). “The proper amount of support to be paid ... is determined not by the parent’s current economic situation, but by the parent’s assets and earning capacity” (Matter of Muselevichus v Muselevichus, 40 AD3d 997, 998-999 [2007]; see Matter of Rolko v Intini, 128 AD3d at 706; Matter of Baumgardner v Baumgardner, 126 AD3d at 896-897).
 

 Here, the father demonstrated that he was unemployed or underemployed, but he did not demonstrate that this constituted a change of circumstances. On the contrary, when the father’s support obligation was set in the divorce action, the Supreme Court imputed an income of $21,050 annually since the father was earning only a few thousand dollars a year, and nothing in the record suggested that, in the years since the parties’ divorce, the father made greater efforts to obtain employment at even a subsistence level, much less a level commensurate with his skills and education (see Matter of Rolko v Intini, 128 AD3d at 706; Matter of Rubenstein v Rubenstein, 114 AD3d at 798; Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745 [2012]). Consequently, the court correctly concluded that the father failed to demonstrate changed circumstances warranting modification of his support obligation, and properly denied his petition for downward modification (see Matter of Rolko v Intini, 128 AD3d at 706).
 

 The father’s remaining contentions are without merit.
 

 Rivera, J.R, Dillon, Connolly and Iannacci, JJ., concur.