Matter of Bantis v Ferrante (2024 NY Slip Op 04766)

Matter of Bantis v Ferrante

2024 NY Slip Op 04766

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-08539
 (Docket No. F-22732-12/17C)

[*1]In the Matter of Jim Bantis, appellant, 
v
Rosa Ferrante, respondent.

Patrick R. Garcia, Brooklyn, NY, for appellant.
Anthony M. Bramante, Brooklyn, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated September 1, 2023. The order denied the father's objections to an order of the same court (Nicholas J. Palos, S.M.) dated July 14, 2023, which, after a hearing, granted his petition for a downward modification of his child support obligation only to the extent of reducing his obligation from the amount of $1,649 per month to the amount of $1,074 per month.
ORDERED that the order dated September 1, 2023, is affirmed, without costs or disbursements.
The father and the mother, who are not married, have one child together. Pursuant to an order dated February 3, 2015, the father was directed to pay child support in the amount of $1,649 per month. In 2017, the father filed a petition seeking a downward modification of his child support obligation. After a hearing, the Support Magistrate issued an order dated July 14, 2023, granting the father's petition to the extent of reducing his child support obligation to the amount of $1,074 per month. The father filed objections to the Support Magistrate's order, contending that the Support Magistrate should have deducted from his income the depreciation expenses associated with his investment properties. In an order dated September 1, 2023, the Family Court denied the father's objections. The father appeals.
The Family Court properly denied the father's objection to the Support Magistrate's finding that the claimed depreciation expenses associated with the father's investment properties should not be deducted from his income in calculating his child support obligation. The depreciation expenses "did not affect disposable income or otherwise impact on [the father's] ability to pay child support" (Matter of Kristy Helen T. v Richard F.G., Jr., 24 AD3d 788, 789).
The father's remaining contentions are unpreserved for appellate review.
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court