CHARLES G. BROWN, an Infant, by JOSEPH A. BROWN, His Guardian ad Litem, Appellant, *v.* WESTERN UNION TELEGRAPH COMPANY et al., Respondents.

JOSEPH A. BROWN, Appellant, *v.* WESTERN UNION TELEGRAPH COMPANY et al., Respondents.

Fourth Department, October 27, 1966.

*Abelove & Myers* (*David N. Hurd* of counsel), for appellants.

*Evans, Pirnie & Burdick* (*Herbert L. Warren* and *Arthur W. Evans* of counsel), for respondents.

GOLDMAN, J. In this negligence action arising out of a bicycle accident plaintiffs appeal from a jury verdict of no cause of action on the sole ground that the court erred in permitting the reading to the jury of a signed statement which was not admitted into evidence. The accident occurred on July 9, 1953 and the trial was held nearly 12 years thereafter. Defendants subpoenaed a witness who was 13 years old at the time of the accident and who had apparently given a statement to a representative of defendants about two months after the accident. On direct examination, when asked by counsel for the defendants whether she observed the accident, she answered: "I don't remember it". When further questioned as to whether she recalled seeing the accident, she answered: "it's blank. I don't recall it at all". When pressed as to her recollection, she said: "I don't recall, I don't know if I saw it or not. I just don't recall". The witness was then shown a sheet, marked for identification, and was asked if the signature was hers. She responded that it looked like it. She was then permitted to read the statement and was asked if it refreshed her recollection, to which she replied: "It does not". Defense counsel continued to press the witness who repeated unequivocally that she had absolutely no recollection of the accident and that she did not recall signing the statement.

Defendants' attorney then proceeded to read verbatim parts of the statement which were very damaging to plaintiffs' cause

and the trial court permitted the reading, notwithstanding objection by plaintiffs' counsel. The statement was then offered in evidence and the court ruled as follows: "I think your questioning of the witness has the effect of offering it into the record and I am going to disallow the statement in the record". The court denied defendants' attorney's motion to strike out the questions and answers relating to the statement with the following ruling: "No. On the basis of the questioning of counsel I am going to overrule your objection". On cross-examination the witness steadfastly continued, in what appears to be a forthright manner, to deny any recollection of witnessing the accident or making the statement, all of which occurred some 12 years before the trial. Notwithstanding the confusion created by the references to the statement and the rulings of the court which gave the impression that the jury had a right to consider portions of the statement read to it, no reference whatsoever to the statement was made in the charge of the court.

Although counsel for both parties cite precedents for the appropriateness of the use of leading questions in attempting to refresh recollection, where there is a hostile witness or surprise, and also cite cases involving the introduction of a prior inconsistent statement (*People* v. *Freeman,* 9 N Y 2d 600; *Coulter* v. *American Merchants' Union Express Co.,* 56 N. Y. 585; *Bullard* v. *Pearsall,* 53 N. Y. 230, 231), these cases are not germane to the question posed here. The only issue is whether the statement was properly used in attempting to refresh a witness' recollection. Respondents characterize the witness as reluctant but the record shows a forthright and candid person who simply stated she had complete lack of memory both as to the incident and the statement.

The use of a writing to stimulate recollection is proper under some circumstances and if the writing is successful in reviving memory, the witness must thereafter testify to the facts of his own knowledge. The testimony of a refreshed memory, not the writing itself, goes into the record as evidence. It may be that the writing is unsuccessful in stimulating the memory and then, if the witness states he once knew and made a record of the events at the time of their occurrence or soon thereafter and asserts that the contents of the writing are accurate, the writing may be received as evidence, although there is no present recollection of the event (*Brown* v. *Provident Loan Soc.,* 282 N. Y. 453; *McCarthy* v. *Meaney,* 183 N. Y. 190; *Howard* v. *McDonough,* 77 N. Y. 592; Richardson, Evidence [9th ed.], §§ 478, 479, pp. 485–489; 58 Am. Jur., Witnesses, § 578, pp. 323–324).

This is neither a case of prior contradictory testimony nor of the impeachment of a hostile witness. Even assuming the statement was a prior contradictory statement, a document introduced solely for the purpose of impeachment may not be used to establish the truth of the contents of the document (*Fitzgibbons Boiler Co.* v. *National City Bank of N. Y.*, 287 N. Y. 326; *Matter of Roge* v. *Valentine*, 280 N. Y. 268; *People* v. *Regina*, 25 A D 2d 658; 58 Am. Jur., Witnesses, § 804, p. 449; 98 C. J. S., Witnesses, § 628, p. 643), and the subject matter of such a document should not be read until the material and competent parts have been determined (*Larkin* v. *Nassau Elec. R. R. Co.*, 205 N. Y. 267; *Blackwood* v. *Chemical Corn Exch. Bank*, 4 A D 2d 656). Prior self-contradictory statements are not to be treated as "having any *substantive* or *independent testimonial value*" (3 Wigmore, Evidence [3d ed.], § 1018, p. 688). This common-law rule has been altered to some extent as, for example, in the case of records kept in the ordinary course of business but the statutory change (CPLR 4518) has no application here. A party may impeach his own witness, pursuant to statutory authority (CPLR 4514), by showing that the witness made a prior contradictory statement, provided the statement was made in writing and subscribed by the person or made under oath. A witness' memory may be refreshed by directing attention to a prior inconsistent statement in order to induce a correction of testimony or explain an apparent inconsistency. However, absent here is the correctable and inconsistent testimony. Nor does the principle enunciated in *People* v. *Sorge* (301 N. Y. 198, 201) that "there is no prohibition against examining the witness himself further on the chance that he may change his testimony or his answer" lend any support to the defendants' argument. The witness here took no position at any time other than her positive and repeated statement that she had no recollection whatsoever. There is no testimony of this witness altogether different in essential and material points from and at variance with that contained in the signed statement. There is no departure from the assertions embodied in the statement and upon the faith and credence of which the witness was placed upon the stand, as was so in *Maloney* v. *Martin* (81 App. Div. 432, affd. without opinion 178 N. Y. 552).

This record does not demonstrate a hostile witness and accordingly the court could not properly permit the propounding of leading questions (*Zilver* v. *Graves Co.*, 106 App. Div. 582). Unlike the situation in *People* v. *Sexton* (187 N. Y. 495, 509) the lack of recollection here was genuine, not only apparent, and

there was no unwillingness to testify but rather a complete inability to recollect.

There is danger in allowing a witness to refresh his memory by a statement because he may not remember the facts in issue but may very well testify to what he reads in the statement. In the case of refreshing recollection, the real problem is whether the writing is offered in good faith and whether it is at all likely to stimulate the memory of the witness. Defendants' counsel had advance notice a few days before trial that the witness was faced with a failure of memory, so even the element of surprise was lacking.

Where it appears that the witness has no independent recollection of either the memorandum or the facts which it recites, and his memory is not refreshed thereby, the writing may not be used as a basis for testimony (4 Jones, Evidence [5th ed.], § 972, pp. 1827–1829; Rice v. Fidelity & Cas. Co., 250 Mich. 398). There was no reason for permitting the contents of the statement to reach the jurors' minds and such exposure was highly prejudicial. In a close case where liability is seriously at issue the use of the statement, as made in the instant case, was pivotal and perhaps decisive of the issue. The interests of justice require a new trial without the use of the statement as made here.

WILLIAMS, P. J., BASTOW, HENRY and MARSH, JJ., concur.

Judgments unanimously reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.