■ GROW TUNNELING CORP., PETER KIEWIT SONS' Co. & MORRISON-KNUDSEN CO., INC., a Joint Venture, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, et al., Defendant. [600 NYS2d 30] —Judgment, Supreme Court, New York County (John G. Connor, J.), entered January 15, 1992, which, after a jury trial, found in favor of the plaintiff as against the defendant Consolidated Edison Company of New York, Inc. in the amount of $152,860.60, inclusive of interest, costs and disbursements, unanimously reversed, on the law, the judgment is vacated and the complaint is dismissed, with costs.

The plaintiff, a joint venture created to perform construction work on a water tunnel project in the Bronx, instituted this action against the defendant Consolidated Edison Company of New York, Inc. to recover damages purportedly sustained as a result of the July 13, 1977 city-wide blackout and eight subsequent periods of interruption in service in 1977 and 1978. The plaintiff alleged that due to the power outages, it lost profits and sustained additional overhead and labor costs because its work on the project could not be performed.

The Supreme Court granted the plaintiff's motion for partial summary judgment on the issue of the defendant's liability in connection with the July 13th blackout, concluding that the defendant was precluded from relitigating the finding that it was grossly negligent based on the holding in *Food Pageant v Consolidated Edison Co.* (54 NY2d 167). All other issues were reserved for trial.

The Supreme Court thereafter denied the defendant's motion for summary judgment dismissing so much of the plaintiff's complaint as sought recovery for damages in the nature of lost revenue, lost labor productivity, lost profits and other costs for overhead, equipment use, fuel and payments made to subcontractors. This Court reversed and granted the defendant's motion to dismiss that portion of the complaint as sought recovery for speculative lost profits, lost revenues or lost labor productivity (157 AD2d 452).

The matter then proceeded to trial, with the court denying the defendant's motion *in limine* to limit proof concerning salaries paid to employees unable to work, the cost of idle

equipment, the costs paid to subcontractors unable to perform their work and costs associated with overhead and profit. The court excluded a claim for a 10 percent markup for lost profit. The jury found in favor of the plaintiff, awarding $29,202.75 for the July 13th blackout and a lump sum of $42,138.81 for the additional power interruptions.

The judgment must be reversed and the complaint dismissed due to the plaintiff's failure in its proof of damages. Since the tender of proof related to lost profits, lost revenues and lost labor productivity and since such proof was speculative and uncertain, the plaintiff is precluded from recovery *(Koch v Consolidated Edison Co.,* 62 NY2d 548, *cert denied* 469 US 1210; *see also, Kenford Co. v County of Erie,* 67 NY2d 257; *Kirsch Beverage Corp. v Consolidated Edison Co.,* 130 AD2d 718; *Dunlop Tire & Rubber Corp. v FMC Corp.,* 53 AD2d 150). The plaintiff did not allege any direct damage. It never contended that it was not paid under its contract to construct the tunnel nor that it was penalized under any damage for delay clause contained in that contract. The inevitability of power interruptions must also be taken into account. A loss suffered by the entire community is not compensable absent proof of more than an interruption in production *(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314; *see also, Koch v Consolidated Edison Co., supra).*

In addition, the plaintiff's claim for damages was based on damage summaries prepared in anticipation of litigation. The documents purporting to support the summaries had not been preserved. Although the court did not admit the summaries into evidence, the plaintiff's witnesses were permitted to refer to them to refresh their recollection. However, the witnesses instead read extensively from them to the jury. Thus, the summaries were not properly used to refresh the witnesses' recollections *(see, Brown v Western Union Tel. Co.,* 26 AD2d 316).

The court further erred in permitting the jury to consider the breach of contract claims with regard to the power interruptions on the eight days following the July 13th blackout. The plaintiff's application for service to the defendant incorporated by reference the applicable regulatory tariff filed with the Public Service Commission which provided that the defendant's liability for service interruption was limited to gross negligence *(see, Food Pageant v Consolidated Edison Co., supra; Weld v Postal Tel.-Cable Co.,* 199 NY 88). Despite the trial court's ruling, as a matter of law, that the defendant was not grossly negligent or even negligent with respect to the

eight additional incidents of power interruption for lack of proof, the claims alleging breach of contract and breach of warranty relating to those incidents were submitted to the jury. Contrary to the plaintiff's contention, there was no evidence of a special relationship between it and the defendant. Rather, the record supports the conclusion that the relationship was the same as that between every other customer and utility company. The claims relating to the eight incidents should have been dismissed.

We would also note that the court's charge failed to properly instruct the jury on the manner in which to assess the damages and improperly lumped together the claims with respect to separate incidents of power outages.

In light of the foregoing we do not reach the defendant's remaining contentions. Concur—Sullivan, J. P., Rosenberger, Ross and Asch, JJ.