■ J.J. CASSONE BAKERY, INC., Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. [659 NYS2d 293] —In an action, *inter alia,* to recover damages for breach of contract and fraud, the defendant appeals (1), as limited by its brief, from so much of an amended order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 4, 1996, as denied its motion to dismiss the complaint, and (2) from so much of an order of the same court entered July 22, 1996, as granted the plaintiff's motion to dismiss its fifth, sixth, seventh, and tenth affirmative defenses.

Ordered that the order entered March 4, 1996, is reversed insofar as appealed from, the defendant's motion is granted, and the complaint is dismissed; and it is further,

Ordered that the appeal from the order entered July 22, 1996, is dismissed as academic; and it is further,

Ordered that the defendant is awarded one bill of costs.

In 1991 the plaintiff applied for and was accepted as a participant in a summer savings program offered by the defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Ed), which was known as "Curtailable Electric Service" (hereinafter CES). The program, established in 1989, offered credits to certain customers who agreed to reduce their energy consumption upon the defendant's request during certain peak periods in the summer. At the time of the plaintiff's application, the program, which was to last for five years, provided for a maximum CES credit of $15 per kilowatt hour. In 1993, however, the Public Service Commission amended the defen-

dant's Electric Rate Schedule, or tariff, and approved reductions in the CES credit rate to a maximum of $12 per kilowatt hour in 1993 and $9 per kilowatt hour in 1994.

In response, the plaintiff commenced this action, *inter alia,* to recover damages, claiming that Con Ed committed fraud and breached an alleged promise to guarantee the $15 per kilowatt rate for the duration of the five-year program. Con Ed moved to dismiss the complaint arguing, among other things, that the relevant documentary materials established that no guarantees were made with respect to the reduced rates available under the program and that no claim for fraud or breach of contract was stated. The Supreme Court denied the motion. We reverse.

A review of the documents submitted by the parties demonstrates that the defendant made no guarantees or promises that the CES credit rate would be guaranteed for the life of the program. Rather, the application, viewed together with the informational materials supplied with it, makes it clear that the CES rates were subject to modification. In particular, documents given to customers interested in the program stated that, "[a]ll terms and conditions [of the CES program] including the levels of credit * * * are subject to change and may differ during the period in which [the program] is in effect". Further, the application itself contains a notation that the defendant "will supply CES service only under [Public Service Commission]-approved tariffs". The relevant provisions of the defendant's tariff schedule provide that the rates, terms, and conditions contained therein are subject to, *inter alia,* modification at any time "as may be provided by the lawful orders of the Public Service Commission". In light of the foregoing, it is clear that the defendant neither breached any contractual obligation nor committed any fraud or wrongdoing in connection with the modification of the CES credit rate *(cf., Grow Tunneling Corp., v Consolidated Edison Co.,* 195 AD2d 325, 326). Accordingly, the complaint must be dismissed.

In light of our determination, the appeal from the order entered March 4, 1996, is academic. Rosenblatt, J. P., Thompson, Sullivan and Friedmann, JJ., concur.