██ STEPHANIE RAAB, Respondent, v KEVIN RAAB, Appellant. [11 NYS3d 678]—

Appeal from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated October 11, 2013. The order, insofar as appealed from, denied the defendant's motion to modify the child support and spousal support provisions of the parties' stipulation of settlement, which was incorporated but not merged into the parties' judgment of divorce.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties executed a stipulation of settlement on October 28, 2010, and on October 16, 2012, they consented to the entry of a postjudgment stipulation and order, which modified certain provisions of the stipulation of settlement not relevant to this appeal and ratified the remaining provisions of the stipulation of settlement (hereinafter the 2012 postjudgment order). Thus, that branch of the defendant's motion which was for a downward modification of his obligation pursuant to that portion of the parties' stipulation of settlement which provided for child support must be analyzed in the context of the 2010 amendments to Family Court Act § 451 and Domestic Relations Law § 236 (B) (9) (b) (2) (see L 2010, ch 182, § 13). These amendments allow for a downward modification of a party's child support obligation upon a showing of a substantial change in circumstances (1) where three years have passed since the order was entered, last modified, or adjusted, or (2) where there has been a change in either party's gross income by 15% or more since the order was entered, last modified, or adjusted (see Family Ct Act § 451 [3] [b] [i], [ii]; Domestic Relations Law § 236 [B] [9] [b] [2] [ii] [A], [B]); see Ashmore v Ashmore, 114 AD3d 712 [2014]). "A reduction in income shall not be considered as a ground for modification unless it was involuntary and the party has made diligent attempts to secure employment commensurate with his or her education, ability, and experience" (Family Ct Act § 451 [3] [b] [ii], and Domestic Relations Law § 236 [B] [9] [b] [2] [ii] [B]). The defendant failed to

show that any one of the criteria for a downward modification of his child support obligation was met.

The defendant's motion for a downward modification of his child support obligation was filed in June 2013, only eight months after the parties' 2012 postjudgment order had been entered. Accordingly, the defendant was precluded from contending that a substantial change in circumstances had occurred under the three-year passage of time provision of the statute (see Family Ct Act § 451 [3] [b] [ii]; Domestic Relations Law § 236 [B] [9] [b] [2] [ii] [B]; see e.g. Rabinovich v Shevchenko, 120 AD3d 786 [2014]). The defendant also failed to provide any evidence to show that there was a change in either party's gross income by 15% or more since the 2012 postjudgment order was entered (see Family Ct Act § 451 [3] [b] [ii]; Domestic Relations Law § 236 [B] [9] [b] [2] [ii] [B]). The evidence submitted by the defendant contrasting his 2012 income with his 2009 income was not relevant to this analysis (see e.g. Matter of Mandelowitz v Bodden, 68 AD3d 871 [2009]). The appropriate inquiry is whether there was a 15% or more change in gross income of either party in the eight months between the 2012 postjudgment order and the defendant's June 2013 motion for a downward modification of child support (see Rabinovich v Shevchenko, 120 AD3d at 786). The evidence submitted as to that time period did not establish that there was a 15% change in gross income. Moreover, the defendant failed to make any showing that any reduction he may have had in his income in that eight-month time period was involuntary, or that he had made diligent attempts to secure employment commensurate with his education, ability, and experience (see Beard v Beard, 300 AD2d 268 [2002]).

The defendant also failed to establish that he was entitled to a downward modification of his spousal support obligation. The defendant was required to show that an extreme hardship would result to him if the court failed to award him the downward modification (see Matter of Galati v Galati, 27 AD3d 737 [2006]; Beard v Beard, 300 AD2d 268 [2002]; Matter of Alice C. v Bernard G.C., 193 AD2d 97 [1993]; Domestic Relations Law § 236 [B] [9] [b]). The defendant submitted evidence, including federal tax returns and a net worth statement for 2013, revealing that his average yearly income for 2009, 2010, 2011, and 2012 was $597,848; that he had a securities account worth $85,000; and that, after payment of his monthly child support and spousal support obligations, he had monthly resources left over in the sum of approximately $7,328.

Accordingly, the Supreme Court properly denied the defend-

ant's motion to modify the child support and spousal support provisions of the parties' stipulation of settlement. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.