■ In the Matter of MICHAEL A. FANTAU, Appellant, v DENISE M. FANTAU, Respondent. [21 NYS3d 725]—

Appeal from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated February 4, 2015. The order denied the father's objections to an order of that court (Aletha V. Fields, S.M.), dated December 22, 2014, which, after a hearing, dismissed his petition for a downward modification of his child support obligation.

Ordered that the order dated February 4, 2015, is affirmed, without costs or disbursements.

In this child support proceeding pursuant to Family Court Act article 4, the father was directed to pay child support in an order dated May 25, 2012. In August 2014, the father sought downward modification of his child support obligation. A sup-

port magistrate dismissed the father's petition in an order dated December 22, 2014. In an order dated February 4, 2015, the Family Court denied the father's objections to the support magistrate's order. The father appeals.

A "party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (*Matter of Baumgardner v Baumgardner*, 126 AD3d 895, 896-897 [2015]; *see Matter of Rubenstein v Rubenstein*, 114 AD3d 798, 798 [2014]; *Matter of Suyunov v Tarashchansky*, 98 AD3d 744, 745 [2012]). "A reduction in income shall not be considered as a ground for modification unless it was involuntary and the party has made diligent attempts to secure employment commensurate with his or her education, ability, and experience" (*Raab v Raab*, 129 AD3d 1050, 1050 [2015] [internal quotation marks omitted]). "The proper amount of support to be paid . . . is determined not by the parent's current economic situation, but by the parent's assets and earning capacity" (*Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 998-999 [2007]; *see Matter of Baumgardner v Baumgardner*, 126 AD3d at 897; *Ashmore v Ashmore*, 114 AD3d 712, 713 [2014]; *Matter of Solis v Marmolejos*, 50 AD3d 691, 692 [2008]).

Here, the Family Court properly denied the father's objections to the order dated December 22, 2014. The record supported the Family Court's determination that the father failed to establish that he used his best efforts to obtain employment which was commensurate with his qualifications and experience, or that his current income was commensurate with his earning capacity so as to warrant a downward modification of his child support obligation (*see Raab v Raab*, 129 AD3d 1050 [2015]; *Matter of Schlakman v Schlakman*, 66 AD3d 786 [2009]; *Matter of Karrin v Gottesman*, 16 AD3d 587 [2005]). We note that the father failed to submit evidence such as résumés that he had sent to potential employers, or proof that he had been on any interviews in search of employment commensurate with his education, ability, and experience (*see Matter of Schlakman v Schlakman*, 66 AD3d at 787; *Matter of Davis v Davis*, 197 AD2d 622, 623 [1993]; *cf. Ritchey v Ritchey*, 82 AD3d 948, 949 [2011]). Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.