■ In the Matter of MARVIN THOMAS, Appellant, v JENNIE FOSMIRE, Respondent. [30 NYS3d 268]—

Appeal from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated June 30, 2015. The order denied the father's objections to an order of that court (Isabel E. Buse, S.M.) dated May 22, 2015, which, after a hearing, denied his petition for an upward modification of the mother's child support obligation.

Ordered that the order dated June 30, 2015, is affirmed, without costs or disbursements.

In an order dated July 28, 2011, the Family Court directed the mother of the parties' children to pay child support in the amount of $517 per month. In August 2014, the father petitioned for an upward modification of the mother's child support obligation. A Support Magistrate denied the petition, and the father filed objections. In an order dated June 30, 2015, the court denied the father's objections. The father appeals from that order.

The current child support order was issued in July 2011, and therefore, the father's petition for an upward modification of the mother's child support obligation must be analyzed in the context of the 2010 amendments to Family Court Act § 451. Section 451 of the Family Court Act "allows a court to modify an order of child support, without requiring a party to allege or demonstrate a substantial change in circumstances, where either party's gross income has changed by 15% or more since the order was entered or modified" (*Matter of Zibell v Zibell*, 112 AD3d 1101, 1102 [2013]; *see* Family Ct Act § 451 [3] [b] [ii]), or where three years or more have passed since the order was entered, last modified, or adjusted (*see* Family Ct Act § 451 [3] [b] [i]; *Matter of Lagani v Li*, 131 AD3d 1246, 1247-1248 [2015]). Here, the Support Magistrate incorrectly stated in her findings of fact that an increase in the noncustodial parent's

income alone was not sufficient to permit the court to consider a modification of a child support obligation. Nevertheless, the Support Magistrate properly placed the burden on the father to provide evidence in support of his petition for an upward modification, including specific evidence of both his and the mother's income at the time the original child support order was issued and at the time he filed his petition (*see Matter of Baumgardner v Baumgardner*, 126 AD3d 895, 896-897 [2015]), and the father failed to satisfy this burden.

In considering whether to modify a child support order, "a parent's obligation is not necessarily determined by his or her current financial condition, but, rather, is determined by his or her ability to provide support" (*id.* at 897). "[T]he [custodial parent's] financial status is also a proper consideration for the court in making its determination" (*Matter of Green v Silver*, 96 AD3d 843, 845 [2012] [internal quotation marks omitted]). Here, although there was evidence that the mother's income had increased, she testified at the hearing that her expenses had also increased. Specifically, the mother's financial disclosure affidavit indicated that her monthly expenses actually exceeded her monthly income. Moreover, the father, who is the custodial parent, did not establish an inability to provide for the needs of the children. Indeed, the father's gross income is approximately $109,000, derived from social security and pension benefits, while the mother's gross income is approximately $35,000.

Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order which denied his petition for an upward modification of the mother's child support obligation. Dillon, J.P., Austin, Miller and LaSalle, JJ., concur.