The People of the State of New York, Respondent,
against
Steven Mann, Appellant.




Steven Mann, appellant pro se.
Cedarhurst Village Attorney, Jerome J. Levenberg , Esq., for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Village of Cedarhurst, Nassau County (Andrew Goldsmith, J.), rendered February 11, 2015. The judgment convicted defendant, after a nonjury trial, of parking at an expired meter in violation of Cedarhurst Village Code § 250-50 (B). The appeal from the judgment brings up for review an order of the same court dated February 11, 2015 which denied defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.




ORDERED that the judgment of conviction is reversed, on the law and facts, and, as a matter of discretion in the interest of justice, the accusatory instrument is dismissed.
Following a nonjury trial, defendant was convicted of parking at an expired meter in violation of Cedarhurst Village Code § 250-50 (B), which section provides as follows:
"It shall be unlawful and a violation of the provisions of this article for any person to
. . .
B. Permit any vehicle to remain or be placed in any parking space adjacent to any parking meter while said meter is displaying a signal indicating that the vehicle occupying such parking space has already been parked beyond the period prescribed for such parking space."
On appeal, defendant contends that the accusatory instrument is jurisdictionally defective, that his statutory right to a speedy trial was violated, that the evidence was legally insufficient because the People failed to present evidence that the parking meter had not been broken, and that the verdict was against the weight of the evidence.
In our view, the accusatory instrument was not jurisdictionally defective. The accusatory instrument charges the "Owner (Defendant) of Motor Vehicle," bearing a specified license plate number, with violating Cedarhurst Village Code § 250-50 (B). The accusatory instrument sets forth the affirmed (see CPL 100.30 [1] [d]; 210.45) statement by a village inspector that, on [*2]November 14, 2014 at 2:41 p.m., she personally observed a 2006 Honda "subn" with the designated plate number, parked at an expired meter at a specified location, and that the vehicle's registration will expire in September 2016. Such nonhearsay factual allegations were sufficient to establish each and every element of Cedarhurst Village Code § 250-50 (B). In addition, the ticket satisfied the requirements of Vehicle and Traffic Law § 238 (2) in that it also contained the following five identification elements: (1) the vehicle's license plate description, (2) the plate type as shown by the registration plates of the vehicle, (3) the vehicle's registration's expiration date, (4) the vehicle's make or model, and (5) the body type of the vehicle (see People v Gabbay, 175 Misc 2d 421, 423 [App Term, 2d Dept, 9th & l0th Jud Dists 1997]). 
A violation of a parking ordinance is an infraction which "is not a crime and the punishment imposed therefor shall not be deemed for any purpose a penal or criminal punishment" (Vehicle and Traffic Law § 155). Consequently, the mandates of CPL 30.30 do not apply (see People v Didio, 14 Misc 3d 128[A], 2006 NY Slip Op 52496[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]), and, thus, there is no merit to defendant's statutory speedy trial contention.
Upon the exercise of this court's factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), however, we find that the verdict was against the weight of the evidence inasmuch as "an acquittal . . . would not have been unreasonable based upon the evidence presented, and . . . the trial court failed to accord the evidence the weight it should have been accorded" (People v Zephyrin, 52 AD3d 543, 543 [2008]; see also People v Danielson, 9 NY3d at 348). It is improper for a witness to read from a document which has not been admitted into evidence, although the witness may use such document to refresh her recollection (see Grow Tunneling Corp., Peter Kiewit Sons' Co. & Morrison-Knudsen Co. v Consolidated Edison Co. of NY, 195 AD2d 325, 326 [1993]; Brown v Western Union Tel. Co., 26 AD2d 316, 320 [1966]; see also Jerome Prince, Richardson on Evidence § 6-210 et seq. [Farrell 11th ed 1995]). Here, the record on appeal indicates that the testifying witness who had written the ticket had no independent recollection of the offense, and her testimony, insofar as it related to her observations of the alleged offense, was based on her reading from the ticket that she had issued to defendant. The witness did not indicate that the ticket refreshed her recollection; rather, she improperly read the ticket's contents—which ticket was not admitted into evidence—into the record (cf. People v Goldfeld, 60 AD2d 1, 11 [1977] [the witness properly used the exhibit to refresh his recollection and to stimulate his memory, and did not testify solely on the basis of the exhibit]).
Inasmuch as the entirety of the People's case was based on improper evidence, and given the nature of the charged offense, we dismiss the accusatory instrument as a matter of discretion. We pass on no other issue.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed. 
Iannacci, J.P., Tolbert and Brands, JJ., concur.
Decision Date: April 12, 2017