■ In the Matter of MICHAEL J. RIZZO, Appellant, v KATHLEEN J. SCHEINER SPEAR, Respondent. [59 NYS3d 126]—

Appeal by the father from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated September 14, 2016. The order denied the father's objections to an order of that court (Adam E. Small, S.M.) dated July 5, 2016, which, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

In an order dated April 24, 2014, upon the parties' consent, the Family Court directed the father to pay child support for the parties' child in the amount of $2,190 per month. In September 2015, the father filed a petition for a downward modification of his child support obligation, alleging, as a substantial change in circumstances, that his income had decreased. At a hearing, at which the father appeared pro se, the Support Magistrate directed the father not to testify from a document he prepared for the hearing. Following the hearing, the Support Magistrate determined that the father failed to present credible evidence demonstrating that a substantial change of circumstances had occurred and issued an order denying the petition. The father filed objections to the Support Magistrate's order, arguing that the Support Magistrate deprived him of a fair hearing by directing him not to use documents in support of his case and that the denial of the petition was improper because he presented credible evidence that his income had dropped, that he was unable to find suitable alternative employment, and that he had been forced to liquidate significant assets to pay expenses. The Family Court denied the father's objections to the Support Magistrate's order, and the father appeals.

Contrary to the father's contention, he was not denied his right to a fair hearing because the Support Magistrate directed him not to read from a document that he prepared for the hearing (see generally Grow Tunneling Corp., Peter Kiewit Sons' Co. & Morrison-Knudsen Co. v Consolidated Edison Co. of N.Y., 195 AD2d 325, 326 [1993]; Matter of Baby Boy B., 163 AD2d 673, 675 [1990]). To the extent the father argues that other evidentiary errors deprived him of a fair hearing, since he failed to object to these alleged errors, the arguments are unpreserved for appellate review (see Matter of Rafferty v Ettinger, 150 AD3d 1016 [2017]; Matter of Hubbard v Barber, 107 AD3d 1344, 1345 [2013]) and, in any event, without merit.

Moreover, the Family Court correctly denied the father's

objections to the Support Magistrate's denial of his petition for a downward modification of his child support obligation. Since the current child support order was issued in April 2014, the father's petition must be analyzed in the context of the 2010 amendments to Family Court Act § 451. Section 451 of the Family Court Act "allows a court to modify an order of child support, without requiring a party to allege or demonstrate a substantial change in circumstances, where either party's gross income has changed by 15% or more since the order was entered or modified" (*Matter of Zibell v Zibell*, 112 AD3d 1101, 1102 [2013]; *see* Family Ct Act § 451 [3] [b] [ii]), or "where three years or more have passed since the order was entered, last modified, or adjusted" (*Matter of Thomas v Fosmire*, 138 AD3d 1007, 1007 [2016]; *see* Family Ct Act § 451 [3] [b] [i]; *Matter of Lagani v Li*, 131 AD3d 1246, 1247-1248 [2015]). Here, the Support Magistrate should have considered whether the father was entitled to a downward modification of his child support obligation pursuant to Family Court Act § 451 (3) (b) (ii). Nevertheless, the Support Magistrate properly placed the burden on the father to provide evidence in support of his petition, including specific evidence that his loss of income was involuntary and that he made a diligent, good faith effort to secure other employment commensurate with his education, ability, and experience (*see Matter of Addimando v Huerta*, 147 AD3d 750, 751-752 [2017]; *Matter of Thomas v Fosmire*, 138 AD3d at 1008; *Matter of Rolko v Intini*, 128 AD3d 705, 706 [2015]; *Matter of Baumgardner v Baumgardner*, 126 AD3d 895, 896-897 [2015]), and he failed to satisfy this burden.

On appeal, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of witnesses (*see Matter of Rubenstein v Rubenstein*, 114 AD3d 798, 798 [2014]; *Matter of Gansky v Gansky*, 103 AD3d 894, 895 [2013]). Here, the record supports the Support Magistrate's determination that the father did not testify credibly regarding his ability to satisfy his current support obligations. Contrary to the father's contention, he failed to adduce sufficient credible evidence that his income had decreased through no fault of his own and that he had made a diligent, good faith effort to secure other employment commensurate with his education, ability, and experience (*see Matter of Addimando v Huerta*, 147 AD3d at 752; *Matter of Fantau v Fantau*, 134 AD3d 1109, 1110 [2015]; *Matter of Rolko v Intini*, 128 AD3d at 706; *Matter of Rubenstein v Rubenstein*, 114 AD3d at 798). Thus, the Family Court properly denied the father's objections to the Support Magistrate's order denying his petition for a downward modification of his child

support obligation. Rivera, J.P., Dillon, Connolly and Iannacci, JJ., concur.