Appeals by the father from (1) an order of the Family Court, Suffolk County (Kathryn L. Coward, S.M.), dated April 4, 2016, and (2) an order of that court (Matthew G. Hughes, J.), dated May 25, 2016. The order dated April 4, 2016, insofar as appealed from, after a hearing, granted the mother’s petition for an upward modification of the father’s child support obligation. The order dated May 25, 2016, denied the father’s objections to the order dated April 4, 2016.
 

 Ordered that the appeal from the order dated April 4, 2016, is dismissed, as that order was superseded by the order dated May 25, 2016; and it is further,
 

 Ordered that the order dated May 25, 2016, is affirmed; and it is further,
 

 Ordered that one bill of costs is awarded to the mother.
 

 The parties divorced in 2014, and in their stipulation of settlement (hereinafter the stipulation), which was incorporated but not merged into the judgment of divorce, they agreed that the father would pay the mother the sum of $500 per month in child support. After the parties divorced, the father began collecting Social Security benefits in addition to his salary, which caused his income to increase by more than 15%. The mother petitioned for an upward modification of the father’s child support obligation, which the Support Magistrate granted on the basis of the father’s increased income. The Support Magistrate calculated the father’s child support obligation under the Child Support Standards Act and awarded the mother $2,074 per month in child support. The father objected to the Support Magistrate’s order, and the Family Court denied the father’s objections. The father appeals.
 

 Section 451 of the Family Court Act allows a court to modify an order of child support, without requiring a party to allege or demonstrate a substantial change in circumstances, inter alia, where either party’s gross income has changed by 15% or more since the order was entered or modified (see Family Ct Act § 451 [3] [b] [ii]; Matter of Thomas v Fosmire, 138 AD3d 1007, 1007-1008 [2016]). Although this statutory ground for modification is not available in the event that the parties “specifically opt[ ] out of [section 451 (3) (b)] in a validly executed . . . stipulation” (Family Ct Act § 451 [3] [b]), the parties in this case did not opt out of that provision. Thus, the increase in the father’s income of more than 15% was sufficient, by itself, to permit the Family Court to modify his child support obligation (see Family Ct Act § 451 [3] [b] [ii]; Matter of Thomas v Fosmire, 138 AD3d at 1007-1008). Further, contrary to the father’s contention, there is no indication from the Support Magistrate’s order that the Support Magistrate misconstrued Family Court Act § 451 (3) (b) (ii) to require a modification based on a 15% or more increase in income. The Support Magistrate’s determination to modify the father’s support obligation was not an improvident exercise of discretion.
 

 The father additionally objected to the Support Magistrate’s order on the ground that he should have received a credit against his child support obligation for the money that he contributed to his daughter’s college room and board. The Family Court correctly denied that objection. The stipulation did not provide for such a credit, had separate and distinct sections for child support and college expenses, and categorized college room and board as a college expense rather than as a component of child support (see Matter of Filosa v Donnelly, 94 AD3d 760, 761 [2012]; Colucci v Colucci, 54 AD3d 710, 712-713 [2008]; Matter of Dorcean v Longueira, 44 AD3d 770, 770 [2007]; Regan v Regan, 254 AD2d 402, 403 [1998]).
 

 Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.