Petraglia v Petraglia (2018 NY Slip Op 06953)





Petraglia v Petraglia


2018 NY Slip Op 06953


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2017-01490
 (Index No. 29117/08)

[*1]Nicholas Petraglia III, appellant,
v Maria Angiuli Petraglia, respondent.


Friedman & Friedman, Garden City, NY (Sari M. Friedman and Jennifer Moran of counsel), for appellant.
Kruman & Kruman, P.C., Malverne, NY (Henry E. Kruman of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated July 31, 2012, the father appeals from an amended order of the Supreme Court, Queens County (Margaret Parisi McGowan, J.), dated December 27, 2016. The amended order, insofar as appealed from, after a hearing, denied those branches of the father's motion which were for an award of child support and attorney's fees.
ORDERED that the amended order is affirmed insofar as appealed from, with costs.
The parties were divorced by judgment dated July 31, 2012. The parties agreed to joint custody and stipulated that neither would be entitled to child support, but that they would split certain expenses. The parties entered into a stipulated child support agreement which was incorporated but not merged into the judgment of divorce. In 2014, the father sought, inter alia, an award of child support to be paid by the mother via wage execution and an award of counsel fees. After a hearing, the Supreme Court, inter alia, denied the father's motion. The father appeals.
A party may be entitled to a child support modification upon a showing of a substantial change in circumstances (see Domestic Relations Law § 236[B][9][b][2][i]; Matter of Rubenstein v Rubenstein, 114 AD3d 798, 798; Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745; Matter of Bouie v Joseph, 91 AD3d 641, 642). The applicable amendments to Domestic Relations Law § 236(B) additionally permit the court to consider a party's modification petition without requiring a party to allege or demonstrate a substantial change in circumstances where: (1) either party's gross income has changed by 15% or more since the order was entered or modified or (2) three years or more have passed since the order was entered, last modified, or adjusted (see Domestic Relations Law § 236[B][9][b][2][ii]; Matter of Rizzo v Spear, 152 AD3d 774, 776; Matter of Thomas v Fosmire, 138 AD3d 1007, 1007). On appeal, deference should be given to the credibility determinations of the hearing court, who was in the best position to evaluate the credibility of the witnesses (see Matter of Hezi v Hezi, 141 AD3d 587, 588; Matter of Rubenstein v Rubenstein, 114 AD3d at 798).
Here, the Supreme Court providently exercised its discretion in denying that branch [*2]of the father's motion which was for child support. Although the father contends, inter alia, that modification was warranted in light of his reduction in income, he failed to adduce sufficient credible evidence that his income had decreased through no fault of his own and that he had made a diligent, good faith effort to secure employment commensurate with his education, ability, or experience (see Domestic Relations Law § 236[B][9][b][2][ii][B]).
Moreover, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the father's motion which was for an award of attorney's fees (see Domestic Relations Law § 236[B][9][b][2][ii]; Domestic Relations Law § 238; Matter of Rizzo v Spear, 152 AD3d at 776; Matter of Addimando v Huerta, 147 AD3d 750, 751-752; Matter of Thomas v Fosmire, 138 AD3d at 1008).
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court