Matter of Calta v Hoagland (2018 NY Slip Op 08293)





Matter of Calta v Hoagland


2018 NY Slip Op 08293


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-03837
 (Docket No. F-13936-14/17E)

[*1]In the Matter of Renee Lynn Calta, respondent,
v
Christopher J. Hoagland, appellant.


Tabat, Cohen, Blum & Yovino, P.C., Hauppauge, NY (Elizabeth Diesa of counsel), for appellant.
Curtis R. Exum, Hauppauge, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (David A. Morris, J.), dated March 12, 2018. The order denied the father's objections to an order of the same court (John E. Raimondi, S.M.) dated November 8, 2017, which, after a hearing, granted the mother's petition for an upward modification of the father's child support obligation.
ORDERED that the order dated March 12, 2018, is affirmed, without costs or disbursements.
The parties were married in 2005 and have one child together. On September 23, 2013, they executed a stipulation of settlement, which was subsequently incorporated but not merged into their judgment of divorce entered December 2, 2013. In June 2017, the mother petitioned for an upward modification of the father's child support obligation. After a hearing, the Support Magistrate granted the petition, and the father's objections to the Support Magistrate's order were denied by the Family Court. The father appeals.
Family Court Act § 451 allows a court to modify an order of child support, without requiring a party to allege or demonstrate a substantial change in circumstances, where either party's gross income has changed by 15% or more since the order was entered or modified, or where three years or more have passed since the order was entered, last modified, or adjusted (see Family Ct Act § 451[3][b][i], [ii]; Matter of Walsh v Walsh, 154 AD3d 767, 768; Matter of Rizzo v Spear, 152 AD3d 774, 776; Matter of Thomas v Fosmire, 138 AD3d 1007, 1007). The statutory grounds are not available in the event that the parties specifically opt out of that statutory provision in a validly executed stipulation (see Family Ct Act § 451[3][b]). In their stipulation, the parties in this case did not opt out of that statutory provision.
At the time the mother filed her petition, 3½ years had passed since the father's child support obligation was established in the parties' stipulation and incorporated in the judgment of divorce. Furthermore, both parties' incomes had increased by more than 15% since the date of the stipulation. Under these circumstances, the Family Court had the authority to modify the father's child support obligation even absent a substantial change in circumstances (see Matter of Walsh v [*2]Walsh, 154 AD3d at 768; Matter of Thomas v Fosmire, 138 AD3d at 1007-1008).
Where, as here, the combined parental income exceeds the statutory ceiling of $143,000, the court, in fixing the basic child support obligation on income in excess of the ceiling, has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both (see Family Ct Act § 413[1][c][3]; Matter of Conway v Gartmond, 162 AD3d 1013, 1015; Matter of Peddycoart v MacKay, 145 AD3d 1081, 1083-1084; Matter of Pittman v Williams, 127 AD3d 755, 756). Contrary to the father's contention, the Support Magistrate adequately articulated the basis for his decision to apply the statutory percentages to parental income in excess of the statutory cap (see Matter of Cassano v Cassano, 85 NY2d 649, 654-655), which reflected, among other things, a careful consideration of the parties' circumstances and the child's actual needs, as well as a review of the statutory factors in light of the evidence presented at the hearing (see Matter of Peddycoart v MacKay, 145 AD3d at 1084-1085; Matter of Pittman v Williams, 127 AD3d at 756; Matter of Keith v Lawrence, 113 AD3d 615, 616).
Therefore, we agree with the Family Court's denial of the father's objections to the Support Magistrate's order granting the mother's petition for an upward modification of the father's child support obligation.
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court