Matter of Regan v Regan (2019 NY Slip Op 04702)





Matter of Regan v Regan


2019 NY Slip Op 04702


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-07356
2018-07358
 (Docket Nos. F-20569-12/15B, F-20569-12/15C)

[*1]In the Matter of Tiffany Regan, respondent,
v
William Regan, appellant.


Amy Sklar, Garden City, NY, for appellant.
Lynn Poster-Zimmerman, Huntington, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Suffolk County (Meredith Lafler, S.M.), dated March 22, 2018, and (2) an order of the same court (David A. Morris, J.) dated May 24, 2018. The order dated March 22, 2018, insofar as appealed from, after a hearing, and upon findings of fact dated March 20, 2018, granted the mother's petition for an upward modification of the father's child support obligation. The order dated May 24, 2018, denied the father's objections to the order dated March 22, 2018.
ORDERED that the appeal from the order dated March 22, 2018, is dismissed, as that order was superseded by the order dated May 24, 2018; and it is further,
ORDERED that the order dated May 24, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The parties were married in 1995 and have two children together. In September 2011, they executed a stipulation of settlement which was subsequently incorporated but not merged into their judgment of divorce dated January 27, 2012. In October 2015, the mother petitioned for an upward modification of the father's child support obligation. After a hearing, the Support Magistrate granted the petition, and the father's objections to the Support Magistrate's order were denied by the Family Court. The father appeals. We affirm.
Section 451 of the Family Court Act allows a court to modify an order of child support, without requiring a party to allege or demonstrate a substantial change in circumstances, where (1) either party's gross income has changed by 15% or more since the order was entered or modified, or (2) three years or more have passed since the order was entered, last modified, or adjusted (see Family Ct Act § 451[3][b][i]; Domestic Relations Law § 236[B][9][b][2][ii]; Matter of Rizzo v Spear, 152 AD3d 774, 776; Matter of Thomas v Fosmire, 138 AD3d 1007, 1007; Matter of Lagani v Li, 131 AD3d 1246, 1247-1248). The statutory grounds are not available in the event that the parties specifically opt out of that statutory provision in a validly executed stipulation (see Family Ct Act § 451[3][b]). In this case, the parties, in their stipulation, did not opt out of that statutory provision. Thus, the increase in the father's gross income of more than 15% was sufficient, [*2]by itself, to permit the Family Court to modify his child support obligation (see Family Ct Act § 451[3][b][ii]; Matter of Calta v Hoagland, 167 AD3d 598, 599; Matter of Walsh v Walsh, 154 AD3d 767, 768; Matter of Thomas v Fosmire, 138 AD3d at 1007-1008). Moreover, the evidence showed that more than three years had passed since the father's child support obligation was established in the parties' stipulation and incorporated in the judgment of divorce. The Support Magistrate's determination to modify the father's support obligation was not an improvident exercise of discretion.
Therefore, we agree with the Family Court's denial of the father's objections to the Support Magistrate's order granting the mother's petition for an upward modification of the father's child support obligation.
The father's remaining contention is without merit.
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court