Matter of Abizadeh v Abizadeh (2019 NY Slip Op 05123)





Matter of Abizadeh v Abizadeh


2019 NY Slip Op 05123


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-06958
 (Docket No. F-7783-12)

[*1]In the Matter of Ramin Abizadeh, appellant,
v
Galit Abizadeh, respondent.


Ramin Abizadeh, Albertson, NY, appellant pro se.
Law Offices of Seidner & Associates, P.C., Garden City, NY (Matthew S. Seidner of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Danielle M. Peterson, J.), dated April 19, 2018. The order denied the father's objections to an order of the same court (Adam E. Small, S.M.) dated October 17, 2017, which, after a hearing, dismissed his petition for a downward modification of his child support obligation.
ORDERED that the order dated April 19, 2018, is affirmed, without costs or disbursements.
The parties, who were married in 1995, have three children together. Pursuant to the terms of a judgment of divorce entered on May 28, 2014, the father was required to pay the sum of $4,009 per month toward basic child support. In April 2017, the father filed a petition seeking a downward modification of his child support obligation. After a hearing, the Support Magistrate issued an order dismissing the father's petition. The father filed objections to the Support Magistrate's determination. By order dated April 19, 2018, the Family Court denied the father's objections. The father appeals.
We agree with the Family Court's determination that the father failed to establish that an alleged reduction in his income constituted a substantial change in circumstances so as to warrant a downward modification of his child support obligation (see Kaufman v Kaufman, 131 AD3d 939, 941; Raab v Raab, 129 AD3d 1050, 1051; Matter of Talty v Talty, 42 AD3d 546). The father also failed to establish a substantial change in circumstances warranting a downward modification of his child support obligation based on his claim that one of the parties' children has resided with him since October 2016 (cf. Matter of Moradi v Noorani, 163 AD3d 570; Frates v Frates, 142 AD3d 582, 583).
The father's remaining contentions are not properly before this Court.
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court